[No. 46615. En Banc. December 4, 1980.]

THE STATE OF WASHINGTON, *on the Relation of Robert E. Schillberg, Respondent,* v. CASCADE DISTRICT COURT, ET AL, *Petitioners.*

*Tom P. Conom,* for petitioners.

*Russ Juckett, Prosecuting Attorney,* and *Hugh W. Hawkins, Jr.,* and *Seth Dawson, Deputies,* for respondent.

WILLIAMS, J.—Petitioner Charles E. Cabe challenges a Court of Appeals decision which affirmed an order issued in the Snohomish County Superior Court. The order appealed from vacated the Cascade District Court's order of deferred prosecution conditioned on petitioner's successful completion of an alcohol treatment program. *State ex rel. Schillberg v. Cascade District Court,* 24 Wn. App. 531, 604 P.2d 491 (1979). We reverse the Court of Appeals.

On June 3, 1977, petitioner was arrested and cited by a state trooper for driving under the influence of intoxicants. The State filed a complaint in Cascade District Court, and at the arraignment on July 5, 1977, petitioner's counsel filed a notice of appearance and plea of not guilty on petitioner's behalf. Trial was set for September 9, 1977.

Prior to that trial date, petitioner was cited by the town of Darrington for a separate offense of driving while intoxicated, which led to the filing of a new complaint in Cascade District Court. Because of two continuances granted in the State case, the town of Darrington case came on for trial first.

At the trial on the Darrington charge, petitioner presented the results of an evaluation made after the second offense by Drinkers' Diversion Service in Everett, recommending a deferred prosecution program for petitioner because of his alcohol–related problems with the law. With the concurrence of the Darrington prosecutor, the court

approved the deferred prosecution. The State took no part in this proceeding.

By the time the State's case came on for trial on January 10, 1978, petitioner had already embarked on the outpatient program which had been ordered in the Darrington case. At trial he moved for an order deferring prosecution based apparently on the same evaluation which had resulted in the earlier deferral. The State objected, arguing that the statute required its concurrence in any petition for deferred prosecution. RCW 10.05.030. The court granted petitioner's motion over the prosecutor's objection and issued an order granting deferred prosecution. This new order required among other things an inpatient program for 28 days at Valley General Hospital at Monroe.

On January 23, 1978, the court denied the State's motion for reconsideration, giving the following reasons for its order deferring prosecution: (1) under the statute the State ordinarily must concur, but the court may make exceptions if "an injustice will result"; (2) if the order deferring prosecution were not entered in this case, the resulting prosecution would "essentially wreck" the program entered in the previous case.[1]

On February 6, 1978, the State filed a petition for writ of certiorari in Snohomish County Superior Court seeking review of the district court order deferring prosecution. The Superior Court issued the writ, and on June 13, 1978, it vacated the order of the district court. In his oral opinion, the judge agreed that an injustice might result in this case if the deferred prosecution were not upheld, but that RCW 10.05.030 specifically "limited the power of the court to place people within a deferred program." He also expressed the view that it was "senseless not to defer prosecution in

---

[1]The record contains petitioner's affidavit that he successfully completed the inpatient program at Valley General Hospital at a cost of $2,400, which was shared by petitioner and his insurance carrier. His brief alleges that he regularly attends meetings of Alcoholics Anonymous and that he has fully complied with both deferred prosecution programs. The State does not dispute these allegations.

this case," but the court's equitable powers were "stripped" by the statute.

The issue we must decide, then, is whether RCW 10.05 (Deferred Prosecution—Courts of Limited Jurisdiction) precludes the court from ordering an investigation and evaluation for a deferred prosecution in the absence of the prosecuting attorney's concurrence.

## I

RCW 10.05 provides for deferred prosecution in courts of limited jurisdiction when an individual's wrongful conduct

> is the result of or caused by alcohol problems, drug problems, or mental problems for which the person is in need of treatment and unless treated the probability of future reoccurrence is great[.]

RCW 10.05.020. An accused who wishes to petition for deferred prosecution must do so at the time of arraignment. RCW 10.05.010. Once the petition is filed,

> The arraigning judge upon consideration of the petition and with the concurrence of the prosecuting attorney may continue the arraignment and refer such person for a diagnostic investigation and evaluation to an approved alcoholism treatment facility . . .

RCW 10.05.030. If the person is referred for evaluation, the treatment facility investigates and, if appropriate, devises a treatment plan which it submits in writing to the court. RCW 10.05.040, .050. If the court approves the treatment plan and the defendant agrees both to comply with its terms and to pay the costs involved, the court may order deferred prosecution. RCW 10.05.060.

Const. art. 4, § 1 vests judicial power in the courts of Washington. Our inquiry in evaluating the present statute thus requires us to (1) decide whether the power to continue the arraignment and refer a person for diagnostic evaluation is essentially judicial or prosecutorial, and (2) if wholly or partially judicial, whether the prosecution may exercise a "veto" over the court's decision. This question is one of first impression in Washington.

## II

At the outset it is important to emphasize what is not at issue here. The State does not dispute that the decision to defer prosecution *following* an evaluation and written report is entirely a judicial function. The statute provides, in pertinent part:

> If the report recommends treatment, the court shall examine the treatment plan. If it approves the plan and the defendant agrees to comply with its terms and conditions and agrees to pay the cost thereof or arrange for the treatment, an entry shall be made upon the person's court docket showing that the person has been accepted for deferred prosecution.

RCW 10.05.060. The statute clearly contemplates that *the court* evaluate the treatment plan and its factual basis and make a disposition based on an analysis of the available evidence. These are judicial acts for which the prosecuting attorney has no role or responsibility, as the statute unambiguously provides. *See People v. Superior Court,* 11 Cal. 3d 59, 520 P.2d 405, 113 Cal. Rptr. 21 (1974).

## III

Although there is no express statement of legislative purpose in RCW 10.05, it is apparent that the legislature has provided for deferred prosecution in courts of limited jurisdiction because of a need for sentencing alternatives which are more appropriate for some defendants than those available in the traditional criminal process. RCW 10.05.020 states, for example:

> The petition shall allege that the wrongful conduct charged is the result of or caused by alcohol problems, drug problems, or mental problems *for which the person is in need of treatment* and *unless treated* the *probability of future reoccurrence is great* . . .

(Italics ours.)

As the State itself has pointed out, the statement of legislative purpose attached to RCW 9.95A, which provides for deferred prosecutions for those accused of felonies, supports this view. RCW 9.95A.010 provides, in part:

It is the intention of the legislature in enacting this chapter to increase the protection afforded the citizens of this state, to permit a more even administration of justice in the courts, to rehabilitate adult offenders, and to reduce the necessity for commitment of adults to either state or county institutions for convicted persons by developing, strengthening and improving both public and private resources available in the local communities and counties . . .

In the Uniform Alcoholism and Intoxification Treatment Act, RCW 70.96A, the legislature has further declared it to be

the policy of this state that alcoholics and intoxicated persons may not be subjected to criminal prosecution solely because of their consumption of alcoholic beverages but rather should be afforded a continuum of treatment in order that they may lead normal lives as productive members of society.

RCW 70.96A.010. This policy is given content in the provision under review, which permits the court with the consent of the prosecuting attorney to

refer such person for a diagnostic investigation and evaluation to an approved alcoholism treatment facility as designated in chapter 70.96A RCW, if the petition alleges an alcohol problem . . .

RCW 10.05.030.

█ These statements of legislative purpose demonstrate that the decision to refer an accused for a diagnostic evaluation is essentially a *sentencing alternative* and therefore at least partially a judicial act. Moreover, the express language of RCW 10.05 itself provides that a person charged with a misdemeanor or gross misdemeanor "may petition *the court* to be considered for a deferred prosecution program." (Italics ours.) RCW 10.05.010. Nowhere is it provided that the accused petitions the prosecutor. Then, the arraigning judge "*upon consideration of the petition* and with the concurrence of the prosecuting attorney may continue the arraignment and refer . . ." (Italics ours.) RCW 10.05.030. Consideration of a petition by the court involves

an examination of the circumstances of the particular case: weighing of the allegations, hearing argument contrary to the petition, and resolving the disputes between the parties. These are fundamentally judicial acts.

The State argues that vesting the court with sole authority to refer a person for evaluation invades the charging function which is traditionally reserved to the prosecuting attorney. *Jackson v. United States,* 357 A.2d 409, 411 (D.C. App. 1976); *People ex rel. Leonard v. Papp,* 386 Mich. 672, 194 N.W.2d 693 (1972). This contention overlooks the fact that the court's disposition of the petition *follows* the prosecutor's decision to charge; once the accused has been charged and is before the court, the charging function ceases.

In district court the charge is read, and the accused given an opportunity to enter a plea. JCrR 3.01. The accused may move to set aside the complaint, and the court *shall* act on the motion. JCrR 3.04(b) and (c). The court alone determines whether or not to accept a proffered plea. JCrR 3.06(1), (2). Where, as in the present case, the accused petitions for referral to a diagnostic evaluation, he is similarly before the court seeking a sentencing disposition as specifically authorized by statute. RCW 10.05. *See Esteybar v. Municipal Court,* 5 Cal. 3d 119, 127, 485 P.2d 1140, 95 Cal. Rptr. 524 (1971). Additionally, while deferred prosecution is a relatively new and untried concept unknown to the common law, courts which have considered the nature of the proceeding have concluded that it "entails more than merely the charging function, and hence, cannot be said to fall solely within the discretion of the prosecutor." *State v. Leonardis,* 73 N.J. 360, 380, 375 A.2d 607 (1977) (*Leonardis II*). *Accord, People v. Superior Court, supra; and see Commonwealth v. Kindness,* 247 Pa. Super. Ct. 99, 115–22, 371 A.2d 1346, 1354–57 (1977) (Spaeth, J., concurring and dissenting).

## IV

We are mindful of the complexities inherent in this conclusion. The mere label "deferred prosecution" obscures the characteristics of the process provided for in RCW 10.05, which is fundamentally a new sentencing alternative of preconviction probation, to be added to the traditional choices of imprisonment, fine, and postconviction probation. *See generally State v. Leonardis,* 71 N.J. 85, 95–102, 363 A.2d 321 (1976) (*Leonardis* I); Note, *Pretrial Diversion from the Criminal Process,* 83 Yale L.J. 827 (1974); Comment, *Diversion and the Judicial Function,* 5 Pac. L.J. 764 (1974).

Our research reveals that courts in several jurisdictions have upheld the prosecutorial role at the stage where the petitioner seeks a preliminary investigation. *Sledge v. Superior Court,* 11 Cal. 3d 70, 520 P.2d 412, 113 Cal. Rptr. 28 (1974); *Leonardis* II; *Leonardis* I; *Commonwealth v. Kindness, supra; People v. Phillips,* 66 Ill. 2d 412, 362 N.E.2d 1037 (1977). However, the applicable statutes in the above jurisdictions ordinarily set out in substantial detail the standards guiding the prosecutorial decision to determine the eligibility of an accused for deferred prosecution or its analogy. Cal. Penal Code § 1000 (West); N.J. Stat. Ann. § 2C:43–12 (West); Dangerous Drug Abuse Act § 8, Ill. Ann. Stat., ch. 91 1/2 §§ 120.1, 120.8 (Smith–Hurd). *Contra,* Pa. R. Crim. P. 175–185. Unlike RCW 10.05, the statutes cited specify no judicial role at the initial eligibility stage.

The employment of standards to guide a prosecutorial decision minimizes the possibility that the State will act arbitrarily in violation of the due process rights of defendants. Where the prosecutor makes an initial eligibility determination based on clear standards, and such determination is subject to judicial review, the risk to a defendant is greatly reduced and the chance enhanced that the legislative purpose of deferred prosecution will be achieved. *Leonardis* II; *Sledge v. Superior Court, supra; People v. Dyas,* 100 Cal. App. 3d 464, 161 Cal. Rptr. 39 (1979). We

have, for example, recently approved the use of objective standards by a prosecutor in reaching a decision whether to charge a defendant with being a habitual criminal under RCW 9.92.090. *State v. Rowe,* 93 Wn.2d 277, 609 P.2d 1348 (1980). We have often stated as well that while the prosecutor is vested with broad discretion whether or not to charge a person with a crime, he or she is not without standards; the decision is guided by the legislative requirement that all elements of the crime be charged and be capable of proof. *State v. Lee,* 87 Wn.2d 932, 934, 558 P.2d 236 (1976); *State v. Zornes,* 78 Wn.2d 9, 23, 475 P.2d 109 (1970); *State v. Canady,* 69 Wn.2d 886, 892, 421 P.2d 347 (1966).

Even assuming the decision under review was a prosecutorial not a judicial one, no standards at all were evident in the prosecutor's decision to withhold his consent to the petition seeking a diagnostic evaluation. At the hearing in Superior Court, the prosecutor stated that it had been the consistent policy of his office to agree to defer prosecution on "those individuals . . . [who] will benefit from the program". The prosecutor then stated:

> [W]e have no contest with the fact that Mr. Cabe [petitioner] is a likely candidate for the program, and the progress as represented by [petitioner's counsel] to me so far has indicated that he has responded to this program.

After conceding that petitioner fit the statutory criteria, the State gave the following reason for its refusal to concur in the court's disposition:

> The point, however, is that we have two separate charges here growing out of two separate instances. Mr. Cabe is receiving the benefits of deferring prosecution with respect to one of those charges. It's our position that he should not be given the benefit of escaping prosecution from both those charges.

The quoted remarks reveal that the prosecutor was applying a standard which placed a higher value on refusing to defer prosecution for a 2–time offender than on achieving the express statutory purpose of treatment and

rehabilitation. In the abstract, the standard applied may not be erroneous; the California, New Jersey, and Illinois statutes all list prior infractions or offenses as a factor to be considered in pretrial diversion eligibility decisions. Cal. Penal Code § 1000 (West); N.J. Stat. Ann. § 2C:43–12(e) (West); Dangerous Drug Abuse Act § 8, Ill. Ann. Stat. ch. 91 1/2, §§ 120.1, 120.8 (Smith–Hurd). But our legislature has prescribed *no* standards to aid the prosecutor who refuses to recommend an admittedly appropriate candidate for diversion. The face of the statute permits a prosecutor to wholly arbitrarily veto a judicial disposition.

The judge of the Superior Court agreed with petitioner "that the revoking or not supporting the order for deferred prosecution in a sense might work an essential injustice and perhaps work against the program." The judge also stated: "I think it's senseless not to defer prosecution in this case, with this man." It is thus plain from the record that both courts and both parties believed petitioner was eligible for deferred prosecution, but the court felt that the prosecutor could reject, on any grounds, the court's decision reached in accordance with RCW 10.05.030.

We disagree. The separation of powers principle requires that the delegation of legislative power to the executive be accomplished along with standards which guide and restrain the exercise of the delegated authority. *Lee,* at 933–34. If the legislature wishes to make the initial eligibility decision one for the prosecutor, as in California and New Jersey, then standards for guiding decision making are necessary to prevent an unconstitutional delegation of the legislative authority to alter the sentencing process. Since the current statute permits the prosecutor to arbitrarily "veto" a discretionary decision of the courts, we strike as unconstitutional that portion of RCW 10.05.030 which requires the prosecutor's consent.

This disposition makes it unnecessary to consider either petitioner's arguments relating to the statutory and inherent powers of the court to order a deferred prosecution or

the State's contention that petitioner improperly failed to comply with the express terms of the statute.

The Court of Appeals is reversed and the case is remanded to Snohomish County Superior Court for a decision on petitioner's petition for deferred prosecution, reached in accordance with this opinion.

UTTER, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.