[No. 50489-0.   En Banc.   August 9, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL J. McDOWELL, *Appellant.*

*Carey L. Critchlow* and *Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Mark H. Sidran, Deputy,* for respondent.

DIMMICK, J.—When a juvenile refuses to enter a diversion program on a complaint alleging a misdemeanor and the case is referred back to the prosecutor for filing, does the prosecutor have discretion to file a felony information? If the juvenile is then found to have committed the felony, is the sentencing court's discretion limited to imposing terms allowed under a diversion program? We hold that, under the circumstances of this case, the prosecutor's discretion was properly exercised. We further find that appellant McDowell's sentence is valid.

In November 1982, the Seattle Police Department received a complaint alleging that McDowell had ordered his father's doberman pinscher dogs to menace a group of neighborhood children. After investigating the incident, the police sent a report to the King County Prosecutor's office recommending that McDowell be charged with reckless endangerment. The case was screened and diverted to a diversion unit on the reckless endangerment complaint. McDowell met with a diversion staff member, but decided to reject the diversion program.

The complaint was referred back to the prosecutor's office with notice that McDowell had refused diversion. Several weeks later an information was filed charging second degree assault. Prior to the factfinding hearing on the

charge, McDowell moved to dismiss the felony information because of prosecutorial vindictiveness. McDowell's motion was denied and he was found guilty of second degree assault.

During the disposition hearing on the assault conviction, McDowell argued that the sentencing court was limited by statute to a sentence no greater than what he could have received under the diversion program. The trial court ruled otherwise, and sentenced McDowell within the standard range for second degree assault, requiring 2 days of detention time and regular school attendance.

McDowell's appeal was certified to us by the Court of Appeals. He challenges the denial of his motion to dismiss the charge and his sentence.

## I

McDowell claims that he is entitled to dismissal of the assault charge because allowing the prosecutor to file a greater charge once a juvenile rejects diversion penalizes that juvenile for exercising his right to take his case to court. He relies on United States Supreme Court cases finding that "while an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right." *United States v. Goodwin,* 457 U.S. 368, 372, 73 L. Ed. 2d 74, 102 S. Ct. 2485 (1982).

In *Blackledge v. Perry,* 417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098 (1974), the Court held that the prosecutor could not "up the ante" by filing felony charges against a defendant convicted of a misdemeanor, who chose to file for a trial de novo in a higher court. The Court opined that due process "is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of 'vindictiveness'". *Perry,* 417 U.S. at 27. In order to free defendants from fearing a prosecutor's retaliatory motivations, the Court held that charging a more serious crime upon retrial raised a realistic likelihood of vindictiveness and justified a presumption of

illegal motives.

The *Perry* presumption of vindictiveness was not applied, however, to invalidate increased charges filed pretrial in *United States v. Goodwin, supra.* Goodwin had been originally charged by complaint with several misdemeanors, including assault. Goodwin refused to plead guilty before a magistrate, requesting, instead, a jury trial. His request necessitated a transfer to district court and assignment of a new prosecutor. The new prosecutor determined that seeking a 4–count indictment, including one felony assault charge, was appropriate based on the evidence.

The Court found no fault with charging felony assault. First, actual vindictiveness in bringing the felony indictment had not been shown. Second, the Court found that *Perry*'s presumption of vindictiveness was not appropriate in a pretrial setting. The Court explained that "[t]he possibility that a prosecutor would respond to a defendant's pretrial demand for a jury trial by bringing charges not in the public interest that could be explained only as penalty imposed on the defendant is so *unlikely* that a presumption of vindictiveness certainly is not warranted." *Goodwin,* 457 U.S. at 384.

Washington case law, in accord with *Goodwin,* suggests that actual vindictiveness is required to invalidate the prosecutor's adversarial decisions made prior to trial. *State v. Johnson,* 33 Wn. App. 534, 656 P.2d 1099 (1982); *State v. Penn,* 32 Wn. App. 911, 650 P.2d 1111 (1982); *State v. McKenzie,* 31 Wn. App. 450, 642 P.2d 760 (1981).

McDowell concedes that there is no evidence of actual vindictive motivation on the part of the prosecutor in this case. He does not contend that either *Goodwin* or the Washington rule respecting prosecutorial pretrial discretion in the adult criminal justice system is error. Instead, he argues that the structure of the juvenile diversion system requires a presumption of illegal motives whenever the prosecutor, without justification, increases the charges against a juvenile who refuses diversion. He contends that, unlike other pretrial settings, the system presents a "realis-

tic likelihood" of retaliatory motivation, because the safeguards of the adult criminal justice system are not present to ensure good faith behavior by the prosecutor.

■■ We find no reason to presume that abuse of prosecutorial discretion is more likely when juveniles are brought to justice than when adults are prosecuted. Nor do we conclude that the statutory scheme of the juvenile diversion system presents any special potential for abuse. The prosecutor's charging function under RCW 13.40-.070(3), (5)–(7), which delineates circumstances under which filing and diversion are required, does not alter the prosecutor's traditional discretion when making the charging decision. Under the juvenile justice system, it remains a prosecutorial duty to determine the extent of society's interest in prosecuting an offense. *See* RCW 13.40.070(3).

Before an information is filed, however, the prosecutor's statutory duty is simply to screen complaints for legal sufficiency. RCW 13.40.070(1). Complaints are then diverted to community programs or retained for further prosecutorial action depending on whether the complaint alleges a misdemeanor or felony, and on other statutory factors. *See* RCW 13.40.070(5)–(7).

Once a legally sufficient complaint is determined to require filing, such as when the juvenile refuses the offer of diversion, the prosecutor's charging discretion must be exercised.[1] Common sense dictates that the original complaint and screening procedure will be reviewed and evaluated before an information is filed. For any number of reasons, whether it be new evidence or new conclusions about the significance of the allegations in the complaint, the charge actually filed might differ from the offense alleged in the initial complaint. Nothing in this procedure suggests that retaliatory motivation on the part of the

---

[1]RCW 13.40.070(5) states that the prosecutor "shall file an information with the juvenile court if . . . (c) An alleged offender has been referred by a diversion unit for prosecution or desires prosecution instead of diversion." Section (5) is subject to the proviso of RCW 13.40.070(3), however, which recognizes prosecutorial discretion to decide not to file a case.

prosecutor will underlie the charging decision.

McDowell attempts to bolster his constitutional argument by pointing to the language of RCW 13.40.010 and 13.40.080, specifically mandating "due process" for all juveniles alleged to have committed an offense. He relies heavily on the section which, after discussing procedures for terminating diversion, gives the prosecutor authority to file an information "on the offense for which the divertee was diverted." RCW 13.40.080(6)(e). This language, he argues, evinces legislative intent to limit the prosecutor to filing an information on the offense in the original complaint.

McDowell's interpretation of RCW 13.40.080(6)(e) would significantly limit the charging discretion already granted in RCW 13.40.070. We conclude that RCW 13.40.080(6)(e) simply makes clear that a prosecutor is not precluded from filing a charge because a juvenile had initially entered into a diversion agreement that was later terminated or because the juvenile refused diversion.

In summary, we are not persuaded that the juvenile justice system creates a "realistic likelihood" of retaliatory motivation, not present in the adult criminal justice system. Presuming improper motivation for the prosecutor's filing decisions whenever an information differed from the original complaint would restrict the prosecutor's ability to make necessary pretrial adversarial decisions. In McDowell's case, for example, a review of the complaint and the evidence indicated to the prosecutor that McDowell's conduct had not been reckless.[2] Rather, the evidence suggested a knowing act, satisfying the elements of second degree assault. *See* RCW 9A.36.020(1)(c).[3] Thus, the charging discretion was properly exercised. Under these circumstances,

---

[2]"A person is guilty of reckless endangerment when he recklessly engages in conduct which creates a substantial risk of death or serious physical injury to another person." RCW 9A.36.050(1).

[3]RCW 9A.36.020(1)(c) provides that a person shall be guilty of second degree assault when he "knowingly assault[s] another with a weapon or other instrument or thing likely to produce bodily harm".

and with no evidence of actual vindictiveness in the filing of charges against McDowell, we find no due process violation.

## II

McDowell contends that even if he may be prosecuted for a greater offense after he rejects diversion, the Legislature has mandated that he shall receive no greater punishment than he would have received in the diversion program. He cites RCW 13.40.160(3), which provides:

> Where a respondent is found to have committed an offense for which the respondent declined to enter into a diversion agreement, the court shall impose a term of community supervision limited to the conditions allowed in a diversion agreement as provided [by law].

Community supervision under RCW 13.40.080(2) is limited to community service, restitution, counseling sessions and a fine. *See also* RCW 13.40.020 (defining community supervision; providing that such conditions as the court may impose may not include confinement). McDowell received a sentence, however, requiring 2 days of detention time and regular school attendance.

The State argues that the limitation of RCW 13.40-.160(3) literally does not apply when the offense found to be committed is different from the offense for which the juvenile was originally diverted. We agree. We have already determined that the Legislature contemplated prosecutorial discretion to charge a more serious crime in the information than was alleged in the original complaint. It is only reasonable to conclude that the Legislature intended the offender to be punished appropriately for the more serious offense.

McDowell contends that this interpretation allows the prosecutor to circumvent the statute's mandate by simply filing a charge different from the complaint in every case. If the motive for the change in the offense *is* to circumvent the statute, the case would certainly invoke the prosecutorial vindictiveness or misconduct rule. We are not willing to assume that the Legislature, by enacting a provision cir-

cumscribing judicial sentencing power, intended to remedy potential prosecutorial abuse.

We find no error in appellant's conviction or sentence. Affirmed.

WILLIAMS, C.J., ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DORE, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.