[No. 6870–6–III.   Division Three.   June 3, 1986.]

THE STATE OF WASHINGTON, *Appellant*, v. TRACY M.,
*Respondent*.

*John G. Wetle, Prosecuting Attorney,* and *Pamela F. Payne, Deputy,* for appellant.

*Terry L. Deglow* and *Deglow & Peterson,* for respondent.

McINTURFF, J.—The State appeals the dismissal of criminal charges against Tracy M., a juvenile. The Superior Court determined that RCW 13.40.070(7), which gives the prosecutor discretion in certain defined instances to either file a charge or divert a juvenile's case to a community program, violated the doctrines of separation of powers, due

process and equal protection. We reverse.

Under RCW 13.40.070(1)(b), the prosecutor screens complaints involving juveniles to determine if there is probable cause to believe the juvenile committed the offense. If a case is legally sufficient, and depending on whether the offense fits within certain statutory factors, the prosecutor will file an information in juvenile court or will divert the case to a community program. RCW 13.40.070(5), (6).[1] In cases which do not fit within the statutory factors, RCW 13.40.070(7) gives the prosecutor discretion to either file or divert, "guided only by the length, seriousness, and recency of the alleged offender's criminal history and the circumstances surrounding the commission of the alleged offense." This latter section applies to juveniles, like Tracy M., who are accused of class C felonies but do not meet the other criteria of RCW 13.40.070(5)(b).

In this case, Tracy and another minor had taken a Peugeot parked in the owners' front yard with its keys in the ignition, vandalized it and the personal property of the owners which had been left in the vehicle and then secreted it overnight. They returned the next day with a third juve-

---

[1]RCW 13.40.070(5), (6) provide:

"(5) Where a case is legally sufficient, the prosecutor shall file an information with the juvenile court if:

"(a) An alleged offender is accused of a class A felony, a class B felony, an attempt to commit a class B felony, assault in the third degree, rape in the third degree, or any other offense listed in RCW 13.40.020(1)(b) or (c); or

"(b) An alleged offender is accused of a felony and has a criminal history of at least one class A or class B felony, or two class C felonies, or at least two gross misdemeanors, or at least two misdemeanors and one additional misdemeanor or gross misdemeanor, or at least one class C felony and one misdemeanor or gross misdemeanor; or

"(c) An alleged offender has been referred by a diversion unit for prosecution or desires prosecution instead of diversion.

"(6) Where a case is legally sufficient the prosecutor shall divert the case if the alleged offense is a misdemeanor or gross misdemeanor or violation and the alleged offense(s) in combination with the alleged offender's criminal history do not exceed three offenses or violations and do not include any felonies: *Provided,* That if the alleged offender is charged with a related offense that must or may be filed under subsections (5) and (7) of this section, a case under this subsection may also be filed."

nile and drove the vehicle until they were apprehended. Damage to the vehicle and the personal property totaled $3,305.92.

The prosecutor had discretion either to charge Tracy with taking a motor vehicle without permission or to divert the case. He decided to charge, and Tracy moved to dismiss. The Superior Court granted the motion on three grounds:

1. RCW 13.40.070(7) allows the prosecutor to make the final decision of whether to charge, or divert the case to a diversion unit. This procedure violates the doctrine of separation of powers because diversion is a sentencing alternative over which the judiciary should, but does not have jurisdiction.

2. The procedure violates due process because the prosecutor decides to charge or divert without first conducting a hearing. A hearing is necessary to protect the defendant's liberty interests.

3. The procedure violates equal protection because RCW 13.40.070 does not supply standards for the prosecutor's decision. Thus, similarly situated individuals can be treated differently.

First, does RCW 13.40.070(7) constitute an unconstitutional delegation of judicial authority to the prosecutor? In arguing that it does, Tracy relies primarily on *State ex rel. Schillberg v. Cascade Dist. Court,* 94 Wn.2d 772, 621 P.2d 115 (1980). At issue there was the constitutionality of RCW 10.05.030, the deferred prosecution statute, which provided the judge, *with the concurrence of the prosecuting attorney,* could continue the arraignment and refer a defendant for evaluation to an approved alcoholism treatment facility. *Cascade* held the prosecutor could not validly exercise a veto over the superior court's decision to refer an accused to a deferred prosecution program. It reasoned such a decision imposed a sentencing alternative and involved fundamentally judicial acts, *i.e.,* weighing of the allegations, hearing argument contrary to the petition, and resolving the disputes between the parties. *Cascade,* at 777.

The State attempts to distinguish *Cascade* on the basis that the accused there had been charged and was before the court. *Cascade,* at 778. *See also* A. Goldstein, *The Passive Judiciary: Prosecutorial Discretion and the Guilty Plea* 24 (1981). It argues that the diversion which is at issue here is part of the charging function, and that function is traditionally reserved to the discretion of the prosecutor. However, we note diversion, even before a charge is filed, entails more than the charging function. The ABA Commission on Correctional Facilities and Services comments:

> It is one thing not to charge and let the accused go totally free, but it may be quite another to withhold a charge, and hence not to invoke the jurisdiction of the court system, on condition that an uncharged, untried, unconvicted person submit to a correctional program.

*State v. Leonardis,* 73 N.J. 360, 379, 375 A.2d 607, 617 (1977) (quoting *Pretrial Intervention Legal Issue: A Guide to Policy Development* 12 n.4 (1974)).

We also distinguish *Cascade,* but on a different basis. Specifically, *Cascade* recognized that a prosecutor's determination regarding an accused's eligibility for a diversion program may be upheld if it is "based on clear standards, and . . . subject to judicial review . . ." *Cascade,* at 779. The statute in *Cascade* did not prescribe any standard to guide the prosecutor. In contrast, the statute here does set out standards. RCW 13.40.070(7) states the prosecutor's decision to file or divert shall be "guided only by the length, seriousness, and recency of the alleged offender's criminal history and the circumstances surrounding the commission of the alleged offense." These standards protect against unfair and arbitrary decisions.

In addition, the prosecutor's decision is subject to judicial review, albeit of limited scope. The courts possess inherent power to review an administrative agency's decision "to determine if its *conclusions* may be said to be, *as a matter of law,* arbitrary, capricious, or contrary to law." *Williams v. Seattle Sch. Dist. 1,* 97 Wn.2d 215, 221, 643 P.2d 426 (1982) (quoting *Helland v. King Cy. Civil Serv. Comm'n,* 84

Wn.2d 858, 862, 529 P.2d 1058 (1975)). The juvenile has the burden of showing the prosecutor's decision, in the context of the guidelines set out in RCW 13.40.070, was without reasonable justification and constituted intentional or purposeful systematic discrimination in the enforcement of the law. *Cf. State v. Jacobsen,* 78 Wn.2d 491, 499, 477 P.2d 1 (1970) (defendant alleged prosecutor acted arbitrarily in exercising his discretion to file a criminal charge against the defendant). *See also State v. Leonardis,* 375 A.2d at 618 n.11.

Accordingly, we hold the statute does not violate the doctrine of separation of powers because it provides sufficient standards to guide the prosecutor and the decision of the prosecutor is subject to the court's inherent power of review.

Second, does the statute violate due process because the prosecutor makes the decision to file or divert without a hearing? We answer "no". "The prosecutor's charging function under RCW 13.40.070(3), (5)–(7) . . . does not alter the prosecutor's traditional discretion when making the charging decision." *State v. McDowell,* 102 Wn.2d 341, 345, 685 P.2d 595 (1984). As the State points out, neither the filing of a criminal charge nor the decision to divert a juvenile's case affects his liberty interest. That interest is affected only if a judgment and sentence is obtained following a trial, or if community service is imposed following proceedings before a community diversion unit. A juvenile is accorded due process in both trial and diversion proceedings. RCW 13.40.080(6). Thus, we conclude the statute does not violate due process.

Third, does RCW 13.40.070(7) violate equal protection by making it possible for prosecutors to treat similarly situated juveniles differently? In *State v. Jacobsen, supra* at 499, the court held: "The failure to prosecute all other possible violators of the law is not, per se, contrary to the Equal Protection Clause of the Fourteenth Amendment". As noted above, the prosecutor's decision can be said to have been arbitrary only when his conduct was unreason-

able and amounted to intentional or purposeful systematic discrimination in the enforcement of the law. *Jacobsen.* Tracy does not allege, nor does the record reflect, that the prosecutor's decision here was unreasonable or constituted systematic discrimination. We find no violation of equal protection.[2]

The judgment of the Superior Court is reversed.

GREEN, C.J., and THOMPSON, J., concur.

---

[2]Tracy argues the strict scrutiny test, as set forth in *State v. Rice,* 98 Wn.2d 384, 399, 655 P.2d 1145 (1982), applies to our review of the constitutionality of RCW 13.40.070(7). That test is used if the statute involves a suspect class or fundamental right. Such enactments withstand constitutional challenge only if the State establishes a compelling interest and that use of the classification is necessary to the accomplishment of its interest. *Rice,* at 400.

Even if the strict scrutiny test applies, RCW 13.40.070(7) passes review. The State has a substantial interest in the informal adjustment of a juvenile's criminal charges because informal adjustment keeps a youthful offender out of the institution and in the community where the resources to deal with his behavior are more appropriate to his age. *State v. Chatham,* 28 Wn. App. 580, 581, 624 P.2d 1180 (1981). The diversion procedure achieves that interest.