[No. 30405-4-I.   Division One.   August 31, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. LEANNE R. FOLEY, *Petitioner.*

*Marian L. Naden* and *Jeffrey Ellis* of *The Defender Association; Julie Spector,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Greg Hubbard, Deputy; Peter Stokstad,* for respondent.

PER CURIAM. — Leanne Foley seeks discretionary review of the juvenile court order of commitment for violations of conditions of release. A commissioner stayed the order of commitment pending a decision on the motion for discretionary review. We grant discretionary review, accelerate review and reverse.

On April 1, 1992, Foley was taken into custody for an alleged assault and booked into the King County Department of Youth Services Detention Facility. On April 2, 1992, the State filed an information charging her with two counts

of assault in the fourth degree. On April 3, 1992, an arraignment was held. Foley entered a plea of not guilty to the charges. The juvenile court entered an order releasing Foley on her personal recognizance to the custody of her parents subject to certain conditions. A case setting hearing was set for April 17, 1992.

At the April 17 hearing, the juvenile court entered an order directing that the case be diverted on agreement of the parties and setting the next court appearance for June 5, 1992.[1] On the same day, Foley entered into a diversion agreement which required her to complete 8 hours of community service and 10 hours of attendance at anger management classes.

Subsequently, Foley's probation counselor alleged that Foley had committed four violations of the conditions of release. At the hearing on this issue, Foley objected on the ground that the conditions of her release were superseded by the diversion agreement. The juvenile court determined that the conditions of release were valid and that Foley had committed the four violations. The court imposed 5 days of detention for the violations and ordered that the conditions of release remain in full force and effect.

The sole issue on appeal is whether the juvenile court erred in ordering Foley to serve 5 days in detention for violation of the conditions of release entered prior to her entering into a diversion agreement. Leanne contends that the conditions of release were superseded by the diversion agreement and that the juvenile court was without authority to impose detention for violation of the conditions of release. The State contends that the diversion agreement and the order of release on conditions are two different actions and that one does not supersede the other. We hold that the juvenile court erred.

---

[1] The court's order states that the matter may be "rediverted" on agreement of the parties. It appears that use of the word "rediverted" was a clerical error, as the parties agree that the case had not been previously diverted and there is no contrary indication in the record.

The Juvenile Justice Act of 1977, RCW 13.40, established a comprehensive system for the disposition of complaints lodged against juveniles. The statutory scheme establishes procedures for taking juveniles into custody and releasing them on certain conditions.[2] The statutory scheme also provides for a diversion program in which certain eligible juvenile offenders perform community service as an alternative to prosecution. *State v. Chatham*, 28 Wn. App. 580, 624 P.2d 1180, *review denied*, 96 Wn.2d 1006 (1981).

RCW 13.40.080 sets forth the statutory scheme for diversion.[3] Before an information is filed, the prosecutor screens complaints involving juveniles to determine whether the alleged facts bring the case within the jurisdiction of the court, RCW 13.40.070(1)(a), and whether there is probable cause to believe the juvenile committed the offense. RCW 13.40.070(1)(b). If a case is legally sufficient, the prosecutor will either file an information or will divert the case to a community program. RCW 13.40.070(3). *State v. McDowell*, 102 Wn.2d 341, 685 P.2d 595 (1984); *State v. Tracy M.*, 43 Wn. App. 888, 720 P.2d 841 (1986). Diversion is mandatory in certain cases.[4] *See* RCW 13.40.070(6).

---

[2] A juvenile taken into custody will receive a prompt hearing to determine whether continued detention is proper and necessary. When a juvenile is taken into custody, an information must be filed within 72 hours or the juvenile must be released. RCW 13.40.050(1)(a). If an information is filed, a detention hearing must be held within 72 hours. RCW 13.40.050(1)(b). At this initial hearing the court should determine whether the case is properly before it. If the case is not properly before the court and the case should be diverted pursuant to RCW 13.40.080, the juvenile shall be released. RCW 13.40.050(4). If the case is properly before the court and probable cause exists but further detention is not necessary, the juvenile shall be released upon certain conditions. RCW 13.40-.050(5), (6).

[3] The Supreme Court has promulgated rules to control the procedure which the diversion unit and the juvenile must follow in order to enter into a diversion agreement. "These rules are designed to protect the juvenile's constitutional and statutory rights while at the same time ensuring that the system functions efficiently and without the delays associated with formal hearings." *State v. Quiroz*, 107 Wn.2d 791, 794, 733 P.2d 963 (1987). *See* JuCR Title 6.

[4] The prosecutor "shall divert the case if the alleged offense is a misdemeanor or gross misdemeanor or violation and the alleged offense(s) in combination

A diversion agreement is "a contract between a juvenile accused of an offense and a diversionary unit whereby the juvenile agrees to fulfill certain conditions *in lieu of prosecution.*" (Italics ours.) RCW 13.40.080(1). A diversion agreement is limited to community service not to exceed 150 hours, restitution limited to the amount of actual loss incurred by the victim, attendance at up to 2 hours of counseling and/or up to 10 hours of educational or informational sessions at a community agency and a fine not to exceed $100. RCW 13.40.080(2)(a)-(d). *State v. Quiroz*, 107 Wn.2d 791, 733 P.2d 963 (1987). A juvenile participating in diversion shall be afforded due process in all contacts with the diversionary unit, which includes a written diversion agreement which states *all* conditions. RCW 13.40.080(6)(a).[5] Violation of the terms of the diversion agreement is the only

---

with the alleged offender's criminal history do not exceed two offenses or violations and do not include any felonies . . .." RCW 13.40.070(6).

[5]RCW 13.40.080(6) provides:

"(6) Divertees and potential divertees shall be afforded due process in all contacts with a diversionary unit regardless of whether the juveniles are accepted for diversion or whether the diversion program is successfully completed. Such due process shall include, but not be limited to, the following:

"(a) A written diversion agreement shall be executed stating all conditions in clearly understandable language;

"(b) Violation of the terms of the agreement shall be the only grounds for termination;

"(c) No divertee may be terminated from a diversion program without being given a court hearing, which hearing shall be preceded by:

"(i) Written notice of alleged violations of the conditions of the diversion program; and

"(ii) Disclosure of all evidence to be offered against the divertee;

"(d) The hearing shall be conducted by the juvenile court and shall include:

"(i) Opportunity to be heard in person and to present evidence;

"(ii) The right to confront and cross-examine all adverse witnesses;

"(iii) A written statement by the court as to the evidence relied on and the reasons for termination, should that be the decision; and

"(iv) Demonstration by evidence that the divertee has substantially violated the terms of his or her diversion agreement.

"(e) The prosecutor may file an information on the offense for which the divertee was diverted:

"(i) In juvenile court if the divertee is under eighteen years of age; or

"(ii) In superior court or the appropriate court of limited jurisdiction if the divertee is eighteen years of age or older."

ground for termination of the diversion agreement. RCW 13.40.080(6)(b). A juvenile may not be terminated from diversion without notice of the alleged violations and a hearing, RCW 13.40.080(6)(c), and a juvenile participating in diversion cannot be sentenced to detention unless after such a hearing a judge decides that the juvenile has violated the terms of the diversion agreement. RCW 13.40.080(2), (6). *State v. Quiroz, supra* at 794.

Foley was initially released from custody upon certain conditions. Subsequently, the juvenile court determined that the case was subject to mandatory diversion, and Foley entered into a diversion agreement, which included no conditions other than that she complete 8 hours of community service and 10 hours of attendance at anger management classes. The conditions of release were superseded by the subsequent diversion agreement. Accordingly, the juvenile court erred in ordering Foley to serve 5 days in detention for violating the conditions of release.

The order of commitment is reversed.