90 P.3d 1141 (2004)
121 Wash.App. 822
STATE of Washington, Respondent,
v.
Elmer Blake DiLUZIO, Jr., Appellant.
Nos. 22027-3-III, 22028-1-III.
Court of Appeals of Washington, Division 3, Panel Three.
May 27, 2004.
*1142 David N. Gasch, Attorney at Law, Spokane, WA, for Appellant.
Kevin M. Korsmo, Andrew J. Metts, Spokane County Prosecutor's Office, Spokane, WA, for Respondent.
BROWN, J.
In separate incidents, Elmer B. DiLuzio, Jr. was charged with possessing heroin, second degree theft, and making a false statement. Without the prosecutor's referral, he unsuccessfully petitioned for admission to drug court. He was convicted as charged. The sole issue on appeal is whether the prosecutor or the trial court retains the power to refer a defendant to drug court. We agree with the trial court that the prosecutor retains executive discretion to decide whether to recommend referral to drug court. Accordingly, we affirm.

FACTS
Mr. DiLuzio was charged with possession of a controlled substanceheroin. Based on a separate occurrence, he was also charged with second degree theft and making a false or misleading statement to a public servant. Following his arrest for possession, the prosecutor screened Mr. DiLuzio for drug court eligibility, but found him ineligible for various reasons.
After formal charges were filed on the possession charge and the new theft charge (making a false statement is not a drug court eligible charge), Mr. DiLuzio petitioned for a drug court referral. The deputy prosecutor again declined to make the referral for Mr. DiLuzio to be included in the drug court program for reasons including a previous DOSA sentencing and his poor violation history. This decision was upheld by the Drug Unit Supervisor and the Spokane County Prosecutor.
Mr. DiLuzio asked the trial court to find the court retains the power and duty to decide whether he was drug court eligible. The court denied his motion, holding the prosecutor retains the power to decide who may be referred for drug court.
Following separate trials on stipulated facts, the court found Mr. DiLuzio guilty as charged. This consolidated appeal ensued.

ANALYSIS
The unique issue is whether the trial court erred in ruling the prosecutor retains the power to decide whether a defendant should be referred to drug court.
*1143 While issues involving drug court eligibility are largely discretionary, the trial court's ruling on who has the authority to refer a defendant to drug court is a legal question we review de novo. Smith v. Bates Technical College, 139 Wash.2d 793, 800, 991 P.2d 1135 (2000) (citing Dep't of Labor & Indus. v. Fankhauser, 121 Wash.2d 304, 308, 849 P.2d 1209 (1993)).
Mr. DiLuzio contends the trial court's ruling that the prosecutor retains the power to decide drug court referrals violates the separation of powers doctrine. He contends drug court is a "court" and only the judiciary has power over courts.
The separation of powers doctrine is derived from the constitution's distribution of governmental authority into three branches. State v. Moreno, 147 Wash.2d 500, 505, 58 P.3d 265 (2002). Each branch of government may only exercise the powers it is given. One branch is not permitted to encroach upon the fundamental function of another. Id. Article IV, section 1 of the Washington Constitution states, "[t]he judicial power of the state shall be vested in a supreme court, superior courts, justices of the peace, and such inferior courts as the legislature may provide." Section 6 states: "[t]he superior court shall have original jurisdiction ... in all criminal cases amounting to felony."
In 1999, the legislature enacted RCW 2.28.170, which enables counties to establish drug courts. Its purpose is "to achieve a reduction in recidivism and substance abuse among nonviolent, substance abusing offenders by increasing their likelihood for successful rehabilitation through early, continuous, and intense judicially supervised treatment; mandatory periodic drug testing; and the use of appropriate sanctions and other rehabilitation services." RCW 2.28.170(2). The legislature requires the following minimum requirements for participation:
(i) The offender would benefit from substance abuse treatment;
(ii) The offender has not previously been convicted of a serious violent offense or sex offense as defined in RCW 9.94A.030; and
(iii) Without regard to whether proof of any of these elements is required to convict, the offender is not currently charged with or convicted of an offense:
(A) That is a sex offense;
(B) That is a serious violent offense;
(C) During which the defendant used a firearm; or
(D) During which the defendant caused substantial or great bodily harm or death to another person.
RCW 2.28.170(3)(b). Furthermore, "the drug court may adopt local requirements that are more stringent than the minimum." Id.
Spokane County has not formally adopted other requirements; however, a local assistant public defender compiled a practices and procedures manual. It provides, in relevant part, that an individual may qualify for drug court if:
1. Charged in Superior Court with Possession of Schedule I, II or III Controlled Substance or Forged Prescription.
....
4. Charged in Superior Court with Felony Theft-first and second degree[.]
A. The offender must have:
 A documented history of heroin, methamphetamine, cocaine or other controlled substance addiction.
 A verified sworn statement from the offender documenting a causal connection between the addiction and the felony property offenses.
B. The offender must execute a promissory note and a Confession of Judgment for the full amount of restitution payable to all victims.
C. The total amount of restitution cannot exceed $2500.00. The offender has the option of reducing the amount of restitution to an acceptable level before opting in.
D. There must be a reasonable basis to believe the offender can successfully complete the Drug Court Program.
E. The offender must petition the court for entry into the Drug Court prior to setting a trial date by following the procedure below:

*1144  Complete a Drug Court petition setting forth all eligibility criteria.
 Provide the completed petition to the Drug Court Deputy Prosecutor who will schedule a court date before the Drug Court Judge.
 Attend a Drug Court hearing, execute a waiver of speedy trail, [sic] and participate in a pre-Drug Court evaluation by a certified drug treatment provideras directed by Drug Court Judge.
 Attend a Drug Court hearing to determine whether there is a reasonable basis to believe that the offender can successfully complete the Drug Court program. This determination is made by the Drug Court Judge after input from the Drug Court Team.
 The prosecutor may opt the offender out of Drug Court, within 14 days, if the victim(s) requests the offender be excludedProperty Crimes.
....
9) Have no hold from another jurisdiction (either within Washington or from another state).
....
11) Have demonstrable Spokane area residence (e.g., job, school, family).
Clerk's Papers (CP) (No. 22027-3) at 26-27.
The manual also states, "[t]he Prosecutor makes the initial determination as to whether an individual is eligible for Drug Court." CP (No. 22027-3) at 30.
Spokane County Superior Court Local Administrative Rule (LAR) 0.2(e)(1), the only LAR concerning drug court, states: "The Presiding Judge or designee will be responsible to manage the Drug Court program, including primary responsibility to determine eligibility of defendants[.]" (emphasis added).
While Mr. DiLuzio meets the eligibility requirements of RCW 2.28.170(3)(b), the prosecutor denied referral to drug court on his possession and theft charges because the Department of Corrections had a hold on him and he did not demonstrate he had a Spokane area residence; both justifiable reasons from the drug court manual.
Prosecutors are given a great deal of discretion in making prosecuting decisions. State v. Lidge, 111 Wash.2d 845, 850, 765 P.2d 1292 (1989). "`The decision to prosecute [is] based on the prosecutor's ability to meet the proof required by the statute.'" State v. Finch, 137 Wash.2d 792, 809, 975 P.2d 967 (1999) (quoting State v. Lee, 87 Wash.2d 932, 934, 558 P.2d 236 (1976)). "[I]t remains a prosecutorial duty to determine the extent of society's interest in prosecuting an offense." State v. McDowell, 102 Wash.2d 341, 345, 685 P.2d 595 (1984). Indeed, we give prosecutors discretion to decide whether to seek the death penalty. State v. Pirtle, 127 Wash.2d 628, 642, 904 P.2d 245 (1995).
The purpose of drug court is best met when the prosecutor makes the initial eligibility determination. Following arrest, the prosecutor is more involved with the defendant to best assess his or her eligibility. Once a referral is made, the drug court judge reviews the drug court petition, presides over an initial hearing, orders a pre-drug court evaluation by a certified drug treatment provider, and determines whether there is a reasonable basis to believe that the offender can successfully complete the drug court program. The judge also monitors the offender's progress. This active involvement coincides with the judiciary's role as set forth in our Constitution. Moreover, Division Two of this court has held that the drug court statute "does not create ... a `court' to which all state citizens have a right of access." State v. Little, 116 Wash.App. 346, 349, 66 P.3d 1099, review denied, 150 Wash.2d 1019, 81 P.3d 119 (2003).
Also, the record shows drug court referrals have been treated in Spokane County as part of the plea bargaining process. Plea bargaining is contractual in nature. The trial court does not engage in the plea bargain process, and is not bound by the parties' negotiations or agreements.
Therefore, Spokane County's practice of allowing the prosecutor to make initial determinations of drug court eligibility does not constitute an unconstitutional delegation of judicial power to the prosecutor. The separation of powers doctrine is not violated.
This holding is in harmony with other jurisdictions tackling this issue. The Louisiana *1145 Supreme Court held that a defendant may only be considered for a drug court program upon recommendation of the district attorney. State v. Taylor, 769 So.2d 535, 537 (La.2000). Likewise, the Court of Criminal Appeals in Oklahoma held:
[T]he legislative restrictions contained within the Drug Court statute neither violate the separation of powers clause nor deny Petitioner access to the courts. The issue in this case is not one of separation of powers and whether the courts have the power to hear a particular matter. Rather, it is a question of prosecutorial discretion in charging a defendant with a particular crime and trying him/her in a particular forum.
Woodward v. Morrissey, 991 P.2d 1042, 1045 (Ok.App.1999). Relying on People v. Superior Court (On Tai Ho), 11 Cal.3d 59, 113 Cal.Rptr. 21, 520 P.2d 405 (1974), Mr. DiLuzio contends the judge retains the power to refer a defendant to drug court. However, On Tai Ho is distinguishable. There, the court was reviewing whether a district attorney could veto a decision of the trial judge to divert a defendant into a treatment program. The court held that the district attorney did not have veto power. Id. 113 Cal.Rptr. 21, 520 P.2d at 407. On Tai Ho did not involve a drug court program, nor did it involve an initial eligibility determination.
Next, Mr. DiLuzio contends drug court is analogous to deferred prosecution. Deferred prosecution is a form of sentencing. State ex rel. Schillberg v. Cascade Dist. Court, 94 Wash.2d 772, 779, 621 P.2d 115 (1980). It is to be added to the "`traditional choices of imprisonment, fine, and postconviction probation.'" Abad v. Cozza, 128 Wash.2d 575, 579, 911 P.2d 376 (1996) (quoting Schillberg, 94 Wash.2d at 779, 621 P.2d 115).
In Schillberg, our Supreme Court held that to the extent the deferred prosecution statute "permits the prosecutor to arbitrarily `veto' a discretionary decision of the courts, we strike as unconstitutional that portion of RCW 10.05.030 which requires the prosecutor's consent." Schillberg, 94 Wash.2d at 781, 621 P.2d 115. Mr. DiLuzio relies on Schillberg to argue drug court eligibility, like deferred prosecution eligibility, is a discretionary decision to be left to the judge. As a sentencing alternative, deferred prosecution is distinct from drug court. Additionally, a deferred prosecution occurs within the misdemeanor framework of district court. Drug court occurs in the shadow of the Sentencing Reform Act of 1981 and the felony framework of superior court. Last, Schillberg addressed the veto power of the prosecutor, which is distinct from the issue addressed here, which concerns an initial referral. Based on the above, the two programs are not analogous.
Finally, Mr. DiLuzio challenges the practices and procedures manual written by an assistant public defender regarding Spokane County's drug court. He fails to raise this issue in the assignment of error section of his brief. RAP 10.3(a)(3) requires "[a] separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error." Without the proper assignment of error, this issue is not properly before us. Nevertheless, the trial court recognized the manual has not been officially adopted; rather it is used for guidance with only "some of the practices and procedures followed." Report of Proceedings (No. 22028-1) at 20.
Affirmed.
WE CONCUR: SWEENEY, A.C.J., and SCHULTHEIS, J.