# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52345-1-II |
| Respondent, | |
| v. | |
| SATNAM SINGH RANDHAWA, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—The State charged Satnam Singh Randhawa with second degree assault and violation of a court order after Randhawa punched his girlfriend, Olga Shkarina, and fractured her jaw. Shortly before trial on those charges, Randhawa and Shkarina were both shot and injured by an unknown assailant in Shkarina's home. Following the shooting, the State moved to dismiss the charges against Randhawa without prejudice, explaining that it intended to refile the charges once the investigation into the shooting was complete and Shkarina felt safe to testify.

Months later, and two days after Randhawa posted an appellate bond in an unrelated case, the State refiled its charges against Randhawa. Randhawa filed a CrR 8.3(b) motion to dismiss arguing, in relevant part, prosecutorial vindictiveness. The trial court disagreed and denied Randhawa's motion.

Randhawa appeals arguing that the timing of the State's refiling of the charges shortly after he posted an appellate bond gave rise to a presumption of vindictiveness and that the trial court erred by not holding a separate evidentiary hearing to determine whether the State could overcome the presumption. We disagree and affirm.

FACTS

Law enforcement responded to Olga Shkarina's home where she reported that Randhawa had punched her in the jaw. Officers determined that a no contact order was in place between Randhawa and Shkarina at the time. Shkarina was transported to the hospital where medical professionals determined that her jaw was broken.

The State charged Randhawa with second degree assault and violation of a court order. After Randhawa and Shkarina were both injured in a shooting at Shkarina's home, the State moved to dismiss the charges against Randhawa without prejudice. The State explained that the suspected shooter had yet to be apprehended, and Shkarina was "in hiding and terrified." Clerk's Papers at 5. In its motion, the State expressed its intention to refile charges against Randhawa once the shooting investigation was complete and it was safe for Shkarina to testify. The trial court granted the motion and dismissed the charges without prejudice.

A few months after the original charges were dismissed, Randhawa posted an appellate bond in an unrelated case and was released from custody. Two days later, the State refiled the charges for second degree assault and violation of a court order against Randhawa.

Randhawa filed a CrR 8.3(b) motion to dismiss the charges, alleging that the State's mismanagement of the case prejudiced his right to a speedy trial. At a hearing on the motion, Randhawa argued prosecutorial vindictiveness for the first time. Randhawa pointed out that the State refiled the charges against him two days after he posted his appellate bond, encouraging the trial court to "read through the lines." 1 Verbatim Report of Proceedings (VRP) at 19. When the trial court told Randhawa, "I tend to not speculate," Randhawa replied:

> Well, the Court can use common sense, though. And common sense indicates that
> we now know the investigation was not complete as of March 23rd.

Why were charges refiled on March 23rd? The charges were refiled on March 23rd because Mr. Randhawa had posted an appellate bond, the filing of those criminal charges in a response to a Defendant's exercise of a right.

The Defendant has a right to post a bond that a judge sets for him. That is a classic case of prosecutorial misconduct which constitutes a due process violation. I didn't make that claim directly because I did not feel that I had to in my motion to dismiss. But it is also something that a Court can consider at any time.

1 VRP at 19-20.

The trial court noted the unusual timing of the refiled charges asking, "[D]oesn't that smell bad?" 1 VRP at 21. But the trial court went on to emphasize the State's broad discretion in charging decisions. The trial court referenced the lack of evidence supporting prosecutorial vindictiveness: "You're asking me to engage in sort of mental gymnastics here without very much information and really to speculate about the State's charging decisions, which I'm not inclined to do. But I do point out . . . the timing is unusual." 1 VRP at 23. Randhawa argued that the unusual timing created a presumption of vindictiveness, but the trial court disagreed: "To create a presumption, you have to have facts that you are relying on to support the presumption. And the facts that you are asking me to rely on are really basically speculation about the thought process of the charging [deputy prosecuting attorney] in this case." 1 VRP at 41. Ultimately, the trial court denied Randhawa's motion. A jury found Randhawa guilty as charged, and he appeals.

ANALYSIS

Randhawa argues that the timing of the State refiling its charges created a presumption of vindictiveness and the trial court erred by not holding an evidentiary hearing to further evaluate his claim of vindictiveness. We disagree.

CrR 8.3(b) provides a court with the authority to dismiss a criminal prosecution "due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect[s] the accused's right to a fair trial." "[D]ismissal under CrR 8.3(b)

3

"is an extraordinary remedy and is improper unless the due process rights of the defendant are materially prejudiced." *State v. Korum*, 157 Wn.2d 614, 638, 141 P.3d 13 (2006). We review a trial court's decision on a CrR 8.3(b) motion for manifest abuse of discretion. *State v. Martinez*, 121 Wn. App. 21, 30, 86 P.3d 1210 (2004). A trial court abuses its discretion if its "decision is manifestly unreasonable or is based on untenable grounds." *Id.*

"Prosecuting attorneys are vested with great discretion in determining how and when to file criminal charges." *Korum*, 157 Wn.2d at 625. "Constitutional due process principles prohibit prosecutorial vindictiveness." *Id.* at 627. "'[A] prosecutorial action is "vindictive" only if [it is] designed to penalize a defendant for invoking legally protected rights.'" *Id.* (emphasis omitted) (quoting *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C. Cir. 1987)). Prosecutorial vindictiveness may be actual or presumptive. *Id.* Only the latter is at issue here.

"A presumption of vindictiveness arises when a defendant can prove that 'all of the circumstances, when taken together, support a realistic likelihood of vindictiveness.'" *Id.* (quoting *Meyer*, 810 F.2d at 1246). Whether a presumption of vindictiveness can arise pretrial remains an open question in Washington. *See id.* at 628 ("'Washington case law . . . suggests that actual vindictiveness is required to invalidate the prosecutor's adversarial decisions made prior to trial.'" (quoting *State v. McDowell*, 102 Wn.2d 341, 344, 685 P.2d 595 (1984))). However, we need not answer that question here because Randhawa fails to establish a realistic likelihood of vindictiveness.

Randhawa focuses exclusively on the timing of his appellate bond and the State refiling charges. But we consider all of the circumstances when determining whether a presumption of vindictiveness arose, and all of the circumstances here do not show a realistic likelihood of vindictiveness. This is particularly true in light of the broad discretion prosecutors have when

determining how and when to file criminal charges. Here, the State dismissed the charges against Randhawa without prejudice following a life-threatening crime. The State expressly notified both the trial court and Randhawa of its intention to refile the charges once it was safe for Shkarina to testify and the shooting investigation was complete. The mere fact that the State refiled the charges two days after Randhawa posted an appellate bond in an unrelated case is insufficient to give rise to a presumption of vindictiveness under these circumstances.

Furthermore, because Randhawa failed to request an evidentiary hearing or present enough evidence of vindictiveness to warrant a hearing in any event, he was not entitled to a separate evidentiary hearing. *State v. Bonisisio*, 92 Wn. App. 783, 792, 964 P.2d 1222 (1998). Accordingly, we hold that the trial court did not abuse its discretion by denying Randhawa's CrR 8.3(b) motion to dismiss for prosecutorial misconduct.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Maxa, P.J.

Cruser, J.