[No. 10064–5–I. Division One. December 30, 1982.]

THE STATE OF WASHINGTON, *Respondent*, v. STANLEY JOHNSON III, *Appellant.*

*John Ziegler* and *Peter Berzins,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Lee D. Yates, Deputy,* for respondent.

CORBETT, J.—Defendant, Stanley Johnson III, appeals his judgment and sentence for five counts of burglary in the second degree, one count of possession of stolen property in the first degree, and a habitual criminal finding. The State cross–appeals suspension of the habitual criminal finding.

The defendant was charged by information with five

counts of burglary. At the start of the trial, the State moved to amend the information by adding one count of possession of stolen property in the first degree relating to property that was taken in the burglaries. Defendant assigns error to the order permitting amendment of the information.

Defendant argues that the decision to add a charge after he has exercised any constitutional right relating to the first charge constitutes prosecutorial vindictiveness, requiring dismissal of the later charge. He relies upon the due process principle that the State cannot impose a penalty for the exercise of a constitutional right, such as the right to a jury trial. He cites *North Carolina v. Pearce,* 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969) and *Blackledge v. Perry,* 417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098 (1974) to support this proposition. In both cases, the presumption of an improper vindictive motive was applied where the court found that a reasonable likelihood of vindictiveness existed. Both *Pearce* and *Blackledge* involved the defendant's exercise of a procedural right that caused a complete retrial after he had been once tried and convicted. In a *pretrial* setting, there is broad discretion to amend the information.[1] Defendant cannot successfully assert error arising from the amendment of an information unless he can show prejudice. *State v. Jones,* 26 Wn. App. 1, 6, 612 P.2d 404 (1980). Defendant did not object to the amendment at the time of trial and has not asserted prejudice or actual vindictiveness.

[A] mere opportunity for vindictiveness is insufficient to justify the imposition of a prophylactic rule. As *Blackledge* makes clear, "the Due Process Clause is not offended by all possibilities of increased punishment . . . but only by those that pose a realistic likelihood of 'vindictiveness.'" 417 U. S., at 27. The possibility that a

---

[1]CrR 2.1(d) provides:

"**Amendment of Information.** The court may permit any information to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced."

prosecutor would respond to a defendant's pretrial demand for a jury trial by bringing charges not in the public interest that could be explained only as penalty imposed on the defendant is so *unlikely* that a presumption of vindictiveness certainly is not warranted.

*United States v. Goodwin,* 457 U.S. 368, 384, 73 L. Ed. 2d 74, 102 S. Ct. 2485, 2494 (1982). The trial court did not err by permitting amendment of the information before trial.

Defendant's second assignment of error is that the State failed to prove his 1973 burglary conviction in the habitual criminal proceedings. The State must prove beyond a reasonable doubt two previous valid felony convictions to establish defendant's status as a habitual criminal. RCW 9.92.090; *State v. Murdock,* 91 Wn.2d 336, 588 P.2d 1143 (1979). At trial, the State offered a packet of information relating to the 1973 conviction. The packet was admitted without objection as exhibit 2. It contained (1) a certified copy of the judgment and sentence dated January 3, 1973, (2) a certified copy of the findings of fact and conclusions of law relating to this conviction, (3) a copy of an order vacating the January 3, 1973 judgment and sentence on the ground the court had no power to require defendant to serve his sentence concurrently with a prior sentence, and (4) a copy of a new judgment and sentence entered on January 22, 1973, omitting the provision for concurrent sentences and suspending the sentence.

█ The State is not limited to introducing certified copies of the judgment and sentence to prove prior convictions. *State v. Kelly,* 20 Wn. App. 705, 711, 582 P.2d 891 (1978). The habitual criminal statute makes prior convictions the basis for determination of this status. *State v. Braithwaite,* 92 Wn.2d 624, 628, 600 P.2d 1260 (1979). Both the certified copy of the original judgment and sentence and the copy of the suspended sentence recite the fact of conviction. The certified copy of the findings of fact and conclusions of law states:

That the defendant is guilty of the crime of burglary in the second degree, as charged in the information herein;

The record of a final judgment of conviction is, therefore, complete. The documents in exhibit 2, when taken together, support the trial court's finding that the conviction was sufficient for habitual criminal purposes.

At the trial, no question of identity was raised. Defendant now argues that his acquiescence by silence, in a statement by the State that identity was not challenged, did not waive his right to have identity proved beyond a reasonable doubt as an element of the offense. State exhibit 2, which was admitted without objection, contains a letter dated October 30, 1980, "Re: Johnson, Stanley, III, Our: 127398" and stating in part, "I previously sent a packet in Cause No. 55708." State exhibit 1, which was also admitted without objection, contains a letter dated October 10, 1980, "Re: Johnson, Stanley, III, Our: No. 127398." Both letters are addressed to the Office of the King County Prosecuting Attorney and are signed by Jean Seaman, Administrative Assistant, Adult Corrections Division. Exhibit 1 is the packet relating to cause 55708 and contains a certified copy of the information, a certified copy of the judgment and sentence, a transcript of the change of plea proceeding, fingerprints, description and photographs of the prisoner 127398. When considering defendant's appearance in court and exhibits 1 and 2 in a light most favorable to the State, any rational trier of fact could have found the elements of the habitual criminal status, including identity, beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

Defendant's next assignment of error is that a guilty plea to a burglary in 1970 could not provide a proper basis for the habitual criminal finding. Specifically, he complains that there was insufficient evidence that he was advised of the elements of the offense with which he was charged, his right to remain silent or to testify in his own behalf, and to subpoena witnesses. *See State v. Holsworth,* 93 Wn.2d 148, 153, 607 P.2d 845 (1980).

At the habitual criminal trial, the court was presented with a transcript of the change of plea proceeding in 1970.

This transcript reflects that the defendant was advised by his counsel of (1) the right to trial by jury, (2) the right to confront one's accusers, (3) the right to subpoena witnesses, (4) the right to testify in one's own behalf or to remain silent, and (5) upon a plea of guilty there is no appeal. The defendant then told the court he understood these rights. Although at the habitual criminal proceeding, it appears that the defendant could not remember the specific rights of which he was advised, there was express articulation and waiver of the rights referred to in *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), and *Holsworth*.

Defendant also contends that his plea was equivocal and the court did not comply with the second *Holsworth* requirement that he be informed of the nature of the charges against him. The following exchange took place in the change of plea proceeding:

THE COURT: Now as to the charge that on September 14 of 1970 you broke into a dwelling house . . . and that you broke into that room for the purpose of committing some offense in there, some crime there. I am going to require that you tell me just what happened on that occasion.

MR. JOHNSON: I took the window out and I entered the place and before I got a chance to steal anything the police apprehended me.

THE COURT: You didn't know this woman? You were just breaking in to see what you could steal, is that right?

MR. JOHNSON: Yes.

Defendant was properly advised of and admitted to the acts and requisite state of mind to constitute burglary in the second degree. He was not equivocal in his recitation of the elements of the offense.

█ Error is also assigned to the court's denial of a defense motion to suppress the same 1970 burglary conviction for impeachment purposes. This issue was decided adversely to the defendant's position in *State v. Thompson*,

95 Wn.2d 888, 895, 632 P.2d 50 (1981). There, the court held that a counseled plea of guilty is prima facie reliable for impeachment purposes. "The use of a conviction based upon an allegedly invalid guilty plea does not impinge upon any constitutional right if reliable and probative of credibility." *State v. Flowers,* 30 Wn. App. 718, 724, 637 P.2d 1009 (1981). Admission of such evidence is within the trial court's discretion.

## CROSS APPEAL

The sentencing judge imposed the following sentence:

for a maximum term of not more than Ten (10) years on each count to run concurrently and a minimum to be fixed by the Board of Prison Terms and Paroles and the Habitual Criminal determination is suspended for life, on condition that the defendant commit no further crimes and be on probation for life.

The State contends in its cross appeal that the court lacked authority to suspend the incremental portion of the sentence attributable to the habitual criminal finding.

■ The consequence of being adjudged a habitual criminal is enhancement of the punishment for the underlying offense. RCW 9.92.090 provides that the punishment shall be life imprisonment. There is no inherent authority to suspend sentences in the absence of a statute. *State v. Gibson,* 16 Wn. App. 119, 127, 553 P.2d 131 (1976). The legislative authorization for suspension of sentence, RCW 9.92.060, does not provide for suspending a portion of the sentence, which is the effect of the court's decision.

The court had the power to sentence for life, as mandated by RCW 9.92.090, or suspend that sentence pursuant to RCW 9.92.060. We find no authority to suspend the habitual criminal finding. The trial court erred by doing so.

Affirmed and reversed in part, and remanded for sentence consistent with this opinion.

SWANSON and WILLIAMS, JJ., concur.