119 P.3d 388 (2005)
STATE of Washington, Respondent,
v.
Wayne Alan HUBER, Appellant.
No. 31086-4-II.
Court of Appeals of Washington, Division 2.
September 13, 2005.
Brett Andrews Purtzer, Attorney at Law, Tacoma, WA, for Appellant.
Steven Curtis Sherman, Attorney at Law, Allyn, WA, for Respondent.
MORGAN, J.
¶ 1 The sole issue in this prosecution for bail jump is whether the evidence is sufficient to show that the person on trial was the same person who earlier had failed to appear in court. Answering no, we reverse and remand with directions to dismiss.
¶ 2 In June 2003, the State charged Wayne Alan Huber with violating a protection order and tampering with a witness. He was released *389 and ordered to appear on July 10, 2003. On July 10, 2003, he failed to appear, and the court issued a bench warrant. In October, the State charged him with bail jump.[1]
¶ 3 The bail jump count was tried separately from the other counts. Before jury selection began, the court introduced the prosecutor to the prospective jurors. It then went on:
THE COURT: . . . The defendant is Wayne Allen [sic] Huber. Mr. Huber is represented by attorney Brett A. Purtzer.
Mr. Purtzer, if you would stand and introduce your client.
MR. PURTZER: Good morning. My name is Brett Purtzer. This is my client, Wayne Huber. Thank you, Your Honor.[[2]]
¶ 4 In the State's case in chief, it introduced certified copies of an information charging Huber with violation of a protection order and tampering with a witness; of a written court order requiring Huber to appear in court on July 10, 2003; of clerk's minutes indicating that Huber had failed to appear on July 10; and a bench warrant commanding Huber's arrest. The State did not call any witnesses or otherwise attempt to show that the exhibits related to the same Wayne Huber who was then before the court.
¶ 5 The defense elected not to make an opening statement or present any evidence. After it rested, the trial court instructed the jury that "[t]he only evidence you are to consider consists of the exhibits admitted into evidence."[3] The trial court also instructed:
The attorneys' remarks, statements and argument are intended to help you understand the evidence and apply the law. They are not evidence. Disregard any remark, statement or argument that is not supported by the evidence or the law as stated by the court.[[4]]
¶ 6 In closing argument, the defense argued that even though the State had proved that a person named Wayne Huber had jumped bail, it had not identified the person who had jumped bail as the person then in court. When the jury retired to deliberate, the defense moved to dismiss, arguing that the evidence was insufficient to support a finding that the person who had jumped bail was the person then in court. The trial court denied the motion, the jury convicted, and this appeal followed.
¶ 7 In State v. Hill,[5] the Washington Supreme Court held that the State has the burden of proving identity through relevant evidence. The court said:
It is axiomatic in criminal trials that the prosecution bears the burden of establishing beyond a reasonable doubt the identity of the accused as the person who committed the offense. Identity involves a question of fact for the jury and any relevant fact, either direct or circumstantial, which would convince or tend to convince a person of ordinary judgment, in carrying on his everyday affairs, of the identity of a person should be received and evaluated.[[6]]
¶ 8 To sustain this burden when criminal liability depends on the accused's being the person to whom a document pertains  as, for example, in most if not all prosecutions for first degree escape,[7] being a *390 felon in possession of an item that a felon may not lawfully have,[8] lying under oath on a written application,[9] and being an habitual criminal[10]  the State must do more than authenticate and admit the document; it also must show beyond a reasonable doubt "that the person named therein is the same person on trial."[11] Because "in many instances men bear identical names,"[12] the State cannot do this by showing "identity of names alone."[13] Rather, it must show, "by evidence independent of the record," that the person named therein is the defendant in the present action.[14]
¶ 9 The State can meet this burden in a variety of specific ways. Depending on the circumstances, these may include otherwise-admissible booking photographs,[15] booking fingerprints,[16] eyewitness identification,[17] or, arguably, distinctive personal information.[18] But the State does not meet its burden merely because the defense opts not to present evidence; if the State presents insufficient evidence, the defendants election not to rebut it does not suddenly cause it to become sufficient.[19]
¶ 10 Here, the State produced documents in the name of Wayne Huber, but no *391 evidence to show "that the person named therein is the same person on trial."[20] Hoping to overcome this deficiency, it now argues on appeal that defense counsel's introduction of his client before jury selection started constitutes evidence sufficient to show that the person named in the documents was the person on trial. We cannot agree for at least two reasons. First, the statements were remarks by counsel, and such remarks are not evidence.[21] Second, even if the remarks were evidence, they had no logical tendency to show that the person whom counsel was introducing was the person named in the documents later offered and admitted by the State; counsel did not have those documents before him, and he simply did not address whether his client was the person named therein.[22] Concluding that the evidence is insufficient to support a finding that the person on trial is the person named in the State's exhibits, we reverse and remand with directions to dismiss the bail jumping charge with prejudice.[23]
¶ 11 Reversed and remanded with directions to dismiss.
We concur: BRIDGEWATER, J., and QUINN-BRINTNALL, C.J.
NOTES
[1] The State actually charged two counts of bail jumping. One was later dismissed and is not in issue here. Accordingly, we omit reference to it.
[2] Supp. Report of Proceedings (RP) at 3-4.
[3] Clerk's Papers (CP) at 79.
[4] CP at 80.
[5] 83 Wash.2d 558, 560, 520 P.2d 618 (1974).
[6] Hill, 83 Wash.2d at 560, 520 P.2d 618 (citations omitted). While not "recommend[ing] the omission of specific in-court identification where feasible," the Hill court found the evidence sufficient due to "numerous references in the testimony to `the defendant' and to `Jimmy Hill.' "Hill, 83 Wash.2d at 560, 520 P.2d 618. Indeed, the arresting officer had testified in open court, with the defendant sitting before him, that "it was `the defendant' whom he observed at the scene of the arrest." Hill, 83 Wash.2d at 560, 520 P.2d 618.
[7] State v. Hunter, 29 Wash.App. 218, 221-22, 627 P.2d 1339 (1981).
[8] United States v. Jackson, 368 F.3d 59, 63-64 (2d Cir.2004); United States v. Allen, 383 F.3d 644, 649 (7th Cir.2004).
[9] United States v. Weiler, 385 F.2d 63, 65-66 (3rd Cir.1967).
[10] State v. Furth, 5 Wash.2d 1, 10, 104 P.2d 925 (1940); State v. Harkness, 1 Wash.2d 530, 543, 96 P.2d 460 (1939); Hunter, 29 Wash.App. at 221, 627 P.2d 1339; State v. Brezillac, 19 Wash.App. 11, 12, 573 P.2d 1343 (1978).
[11] State v. Kelly, 52 Wash.2d 676, 678, 328 P.2d 362 (1958); see also Brezillac, 19 Wash.App. at 12, 573 P.2d 1343.
[12] Gravatt v. United States, 260 F.2d 498, 499 (10th Cir.1958).
[13] Jackson, 368 F.3d at 63 (given that more than one person often has same name, fact-finder cannot reasonably conclude beyond a reasonable doubt, from mere identity of names, that the document pertains to the accused who is in court); Harkness, 1 Wash.2d at 542-43, 96 P.2d 460 (rejecting a line of decisions "holding that identity of names alone is sufficient to make a prima facie case of identity of the person").
[14] Furth, 5 Wash.2d at 10, 104 P.2d 925; Harkness, 1 Wash.2d at 543, 96 P.2d 460; Hunter, 29 Wash.App. at 221, 627 P.2d 1339; Brezillac, 19 Wash.App. at 12, 573 P.2d 1343.
[15] State v. Murdock, 91 Wash.2d 336, 338, 340, 588 P.2d 1143 (1979); State v. Johnson, 33 Wash.App. 534, 538, 656 P.2d 1099 (1982); Brezillac, 19 Wash.App. at 13, 573 P.2d 1343.
[16] Murdock, 91 Wash.2d at 338, 340, 588 P.2d 1143; Johnson, 33 Wash.App. at 538, 656 P.2d 1099.
[17] In rare cases, depending on need, the State may even call the former defense attorney or former judge. Defense attorney: State v. Powell, 161 Wash. 514, 517, 297 P. 160 (1931) (defense attorney in prior prosecution can identify person convicted therein as person now on trial, at least where defense attorney is not also defending current prosecution). Judge: State v. Bixby, 27 Wash.2d 144, 166, 177 P.2d 689 (1947) (judge in prior proceeding called to testify at current perjury trial); State v. Bringgold, 40 Wash. 12, 17-18, 82 P. 132 (1905), overruled in part on other grounds sub nom. State v. Hamshaw, 61 Wash. 390, 112 P. 379 (1910); but see ER 605 (judge currently presiding may not testify); State ex rel. Carroll v. Junker, 79 Wash.2d 12, 20, 482 P.2d 775 (1971) ("Only in the rarest of circumstances should a judge be called upon to give evidence as to matters upon which he [or she] has acted in a judicial capacity"); Maitland v. Zanga, 14 Wash. 92, 96, 44 P. 117 (1896) (same).
[18] See Brezillac, 19 Wash.App. at 13, 573 P.2d 1343, in which the court mentioned as a relevant circumstance, but was not required to determine the sufficiency of, the defendant's detailed physical description plus his wife's name and address. To the same effect, see Johnson, 33 Wash.App. at 538, 656 P.2d 1099. Although the warrant in this case includes a very general physical description, the record is devoid of evidence comparing that description to the person before the court.
[19] Jackson, 368 F.3d at 65, 68. In a sentencing proceeding, however, the defendant's failure to rebut may have much more significance. State v. Ammons, 105 Wash.2d 175, 185-86, 718 P.2d 796, cert. denied, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986). The rules of evidence generally do not apply at sentencing, ER 1101(c)(3), nor does the presumption of innocence. State v. Finch, 137 Wash.2d 792, 865, 975 P.2d 967, cert. denied, 528 U.S. 922, 120 S.Ct. 285, 145 L.Ed.2d 239 (1999); State v. Benn, 120 Wash.2d 631, 688, 845 P.2d 289, cert. denied, 510 U.S. 944, 114 S.Ct. 382, 126 L.Ed.2d 331 (1993). This case does not involve sentencing, and nothing said herein applies thereto.
[20] Kelly, 52 Wash.2d at 678, 328 P.2d 362.
[21] See State v. Rice, 120 Wash.2d 549, 573, 844 P.2d 416 (1993) (any potential prejudice in closing argument was minimized by trial court's instructions to the jury that counsels statements are not evidence and should not be considered); State v. Guizzotti, 60 Wash.App. 289, 296, 803 P.2d 808 (same), review denied, 116 Wash.2d 1026, 812 P.2d 102 (1991).
[22] United States v. Masters, 730 F.Supp. 686 (W.D.N.C.1990), a federal trial court opinion cited by the State, is unpersuasive (and contrary to Washington law) insofar as it treats counsel's remarks as evidence. It is also distinguishable because counsel there remarked on many more identifying details than counsel here.
[23] See Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).