IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON | ) | |
| | ) | No. 71969-6-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| ROLAND K. DOUGLAS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED:  July 28, 2014 |
| | ) | |

BECKER, J. — Appellant, convicted of bail jumping, contends the evidence was insufficient and the information defective.  We affirm.

On May 7, 2009, the State charged appellant Roland Douglas with one count of rape of a child in the third degree.  He was tried before a jury and convicted as charged on February 12, 2010.  Douglas appealed.  The conviction was reversed and remanded for reasons unrelated to this appeal.

On August 20, 2012, according to minutes of the Mason County Superior Court Clerk, the matter came on for arraignment after mandate.  The minutes state that the defendant was present and the court agreed to release the defendant on his promise to appear.  The court signed an order specifying the conditions of pretrial release.  The court also signed an order scheduling an omnibus hearing for September 24, 2012, a pretrial hearing for October 29, 2012, and trial beginning November 6, 2012.  The order stated that Douglas was required to be present at all hearings.  At the bottom of the order setting the

hearing dates are the words, "I promise to appear on the dates set out above:" with a signature line. On the line is the signature of "Roland Douglas."

According to notes on the criminal calendar for September 24, 2012, Douglas failed to appear for the omnibus hearing scheduled for that date. The court issued a bench warrant for Douglas for failure to appear at the omnibus hearing.

On January 23, 2013, the State filed a first amended information adding a count of bail jumping to the rape charge. The amended information alleged count one in identical terms as in the original information. It alleged count two as a charge of bail jumping for failing to appear at the hearing on September 24, 2012.

A trial lasting two days began on February 21, 2013. RP 36. A jury convicted Douglas as charged on both counts. He appeals only the bail jumping conviction. He challenges the sufficiency of the evidence to convict and the adequacy of the information.

Sufficiency of the evidence

Due process requires the State to prove beyond a reasonable doubt all the necessary facts of the crime charged. U.S. CONST. amend. 14; CONST. art. 1, section 3; In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). All reasonable inferences must be

drawn in favor of the State and interpreted most strongly against the defendant. Salinas, 119 Wn.2d at 201. Circumstantial evidence is equally reliable as direct evidence. State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

To prove the charge of bail jumping, the State had to present evidence that Douglas was "released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance" before the court and that he failed to appear as required. RCW 9A.76.170(1). The State's burden includes demonstrating that the person on trial is the same person who failed to appear at the prior hearing. See State v. Huber, 129 Wn. App. 499, 502-03, 119 P.3d 388 (2005).

In Huber, the State charged the defendant with violating a protection order and tampering with a witness. The defendant was released and ordered to appear on July 10, 2003. He failed to appear. The court issued a bench warrant. In October, the State charged him with bail jumping.

The bail jumping count was tried separately from the other counts. At trial, the State offered four certified documents to prove bail jumping: an information charging Huber with violation of a protection order and tampering with a witness, a court order requiring Huber to appear on July 10, 2003, clerk's minutes indicating that Huber did not appear on July 10, 2003, and the bench warrant. "The State did not call any witnesses or otherwise attempt to show that the exhibits related to the same Wayne Huber who was then before the court." Huber, 129 Wn. App. at 501.

3

On appeal, the conviction was reversed for insufficiency of the evidence. The State had proved that a person named Wayne Huber had jumped bail. But the evidence did not prove that the Wayne Huber who jumped bail was the person then in court. The court analyzed the situation as an instance of the State's general obligation to assume the burden of proving beyond a reasonable doubt the identity of the accused as the person who committed the offense:

> To sustain this burden when criminal liability depends on the accused's being the person to whom a document pertains—as, for example, in most if not all prosecutions for first degree escape, being a felon in possession of an item that a felon may not lawfully have, lying under oath on a written application, and being an habitual criminal—the State must do more than authenticate and admit the document; it also must show beyond a reasonable doubt "that the person named therein is the same person on trial." Because "in many instances men bear identical names," the State cannot do this by showing identity of names alone. Rather, it must show, "by evidence independent of the record," that the person named therein is the defendant in the present action.
> The State can meet this burden in a variety of specific ways. Depending on the circumstances, these may include otherwise-admissible booking photographs, booking fingerprints, eyewitness identification, or, arguably, distinctive personal information. But the State does not meet its burden merely because the defense opts not to present evidence; if the State presents insufficient evidence, the defendant's election not to rebut it does not suddenly cause it to become sufficient.
> Here, the State produced documents in the name of Wayne Huber, but no evidence to show "that the person named therein is the same person on trial."

Huber, 129 Wn. App. at 501-03 (footnotes omitted).

Douglas contends that here, the State presented the same kinds of documentary evidence found insufficient in Huber—the information, the court order requiring the defendant to appear, a clerk's notation that he failed to appear, and the bench warrant—without presenting any evidence that the Roland

Douglas who was on trial before the court was the same Roland Douglas named in the documents. Douglas overlooks additional evidence of identity that materially distinguishes this case from Huber.

Unlike in Huber, Douglas was tried in the same proceeding both on the underlying charge of child rape and on the charge of failing to appear for a hearing scheduled in connection with the child rape charge. At trial, Shelton Police Officer Mark Hinton identified Douglas and said he had known him for seven years. The alleged victim in the child rape charge, who was between the ages of 14 and 16 at the time of the offense, also identified Douglas in open court. Douglas does not contend he was insufficiently identified as the defendant with respect to the charge of child rape. The fact that he was adequately identified as the person accused of child rape provided evidence, independent of the documents, that the Roland Douglas who jumped bail on the child rape charge was the same Roland Douglas as the person accused of child rape. The eyewitness identifications of Douglas, together with the documents, support a logical circumstantial inference that the Roland Douglas who was named in the documents and who signed a promise to appear was the same individual then before the court defending against the charge of child rape. We conclude the evidence was sufficient to prove the charge of bail jumping.

Adequacy of information

The additional count charging bail jumping did not name the underlying offense of third degree child rape. Douglas contends a conviction for bail jumping must be reversed if the information does not identify the underlying offense.

A charging document must allege facts which support every element of the offense charged and must adequately identify the crime charged. State v. Williams, 162 Wn.2d 177, 183, 170 P.3d 30 (2007). The purpose of this rule is to give the accused proper notice of the nature of the crime so that the accused can prepare an adequate defense. Williams, 162 Wn.2d at 183, citing State v. Kjorsvik, 117 Wn.2d 93, 101-02, 812 P.2d 86 (1991). Where, as here, the defendant challenges the sufficiency of the charging document for the first time on appeal, the test for sufficiency is a liberal one:

> (1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?

Kjorsvik, 117 Wn.2d at 105-06. The information is read as a whole, according to common sense and including facts that are implied, to see if it reasonably apprises the accused of the elements of the crime charged. Kjorsvik, 117 Wn.2d at 109. Because the charging document is reviewed as a whole, we may look at other counts in the information to determine if the count at issue is constitutionally sufficient. State v. Nonog, 169 Wn.2d 220, 227, 237 P.3d 250 (2010).

The elements of bail jumping are met if the defendant (1) was held for, charged with, or convicted of a particular crime; (2) was released by court order or admitted to bail with the requirement of a subsequent personal appearance; and (3) knowingly failed to appear as required. RCW 9A.76.170(1); Williams, 162 Wn.2d at 184.

Assuming that the name of the underlying offense is a fact that must be alleged to support the elements of bail jumping, the amended information here was sufficient. Count one charged Douglas with rape of a child in the third degree. In the same document and under the same Mason County cause number, No. 09-100177-4, count two charged him with bail jumping for failing to appear as required in Mason County Superior Court in Mason County cause number 09-100177-4:

> In the County of Mason, State of Washington, on or about the 24th day of September, 2012, the above-named Defendant, ROLAND K. DOUGLAS, did commit BAIL JUMPING, a Class C felony, in that said defendant having been released by court order or admitted to bail with knowledge of the requirement of subsequent personal appearance before a court of this State, to wit: the Mason County Superior Court in the case of State of Washington v. ROLAND K. DOUGLAS, Mason County cause number 09-1-00177-4, did fail to appear as required: contrary to RCW 9A.76.170 and against the peace and dignity of the State of Washington.

Under the liberal interpretation rule of Kjorsvik, we need only determine whether the necessary facts appear in any form, or by fair construction can they be found, in the charging document. The amended information meets this test. The information when read as a whole reasonably apprised Douglas that he was

7

charged with (1) child rape and (2) failing to appear as required at a hearing on the child rape charge on September 24, 2012.

Affirmed.

WE CONCUR:

Becker, J.