IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32477-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAREN ALLEN JACKSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, A.C.J. — Laren A. Jackson appeals his convictions for failure to register as a sex offender and bail jumping. He contends insufficient evidence supports the knowledge element of the registration offense. Regarding the bail jumping, he contends the State failed to prove (1) his identity and (2) knowledge he was required to attend a court proceeding. We disagree with Mr. Jackson's contentions and affirm his convictions.

## FACTS

Mr. Jackson is a convicted sex offender. He is therefore required to register his home address with the sheriff's department in the county where he lives. RCW 9A.44.130(1)(a). He is required to notify the sheriff's department of any change in

address within 72 hours of moving. RCW 9A.44.130(5)(a). Mr. Jackson has two prior convictions for failing to register as a sex offender.

Mr. Jackson reported his address as the Red Apple Motel, 416 North First Street, Apartment 213, Yakima, Washington. On November 27, 2012, Chief Stew Graham from the Yakima Sheriff's Office performed an address verification on Mr. Jackson. Upon arriving at the Red Apple Motel, Chief Graham knocked on the door to room 213 but did not receive an answer. He looked into the window and observed the room looked unoccupied. The manager of the Red Apple Motel testified Mr. Jackson's room, number 214, was paid for through October 4, 2012, and Mr. Jackson checked out of the room on October 15, 2012.

The State charged Mr. Jackson with failure to register as a sex offender. He was released and ordered to appear on May 16, 2013. On May 16, 2013, Mr. Jackson failed to appear, and the trial court issued a bench warrant. On November 12, 2013, the State filed an amended information adding a count of bail jumping.[1] The bail jump count was tried concurrently with the count for failure to register as a sex offender.

In the State's case-in-chief, it introduced testimony from Tiffani Gabbard, records custodian with the Yakima Sheriff's Office. She testified her records showed a person named Laren Jackson had last registered at the Red Apple Motel. This registration form was signed on August 6, 2012, but Ms. Gabbard was unable to personally verify the identity or signature of the person registering. The registration form was admitted

---

[1] The State actually charged two counts of bail jumping, with the second count arising from Mr. Jackson's alleged failure to appear in court on November 1, 2013. The

No. 32477-0-III
*State v. Jackson*

over objection that, without authentication of the signature and proof that Mr. Jackson was the same person identified on the form, the document was not relevant.

The State introduced certified copies of a court order requiring Mr. Jackson to appear in court on April 4, 2013; a court order requiring Mr. Jackson to appear in court on May 16, 2013; a court order requiring Mr. Jackson to appear in court on July 26, 2013; and a bench warrant commanding Mr. Jackson's arrest. The State called prosecutor Gary Hintze to testify about general court processes. Mr. Hintze identified each of the court documents, testified the case name and cause number were the same on each document, noted Mr. Jackson's signature appeared on the documents, identified the documents showing Mr. Jackson's failure to appear on May 16, 2013, and identified the bench warrants the court issued.

Mr. Jackson was convicted as charged. He appealed.

ANALYSIS

The issue is whether sufficient evidence supports Mr. Jackson's convictions for failure to register as a sex offender and bail jumping.[2]

---

court dismissed this count after the verdict for insufficient evidence. This count is not at issue in this appeal.

[2] Mr. Jackson argues the documents containing his purported signature, while properly admitted either as a business record under RCW 5.45.020 or a self-authenticating certified court record under ER 902(d), were not properly authenticated under ER 901 because the State relied on unauthenticated signatures in these documents to prove the knowledge elements of the charged crimes. He argues the signatures should have been authenticated as belonging to Mr. Jackson prior to their submission to the jury for comparison, as urged by the State. However, even if the documents were erroneously admitted, we conclude sufficient evidence exists to support Mr. Jackson's convictions on both counts, and he makes no claim the jury relied on the documents. Thus, any error in admitting the documents was harmless. *See State v. Howard*, 127 Wn. App. 862, 871, 113 P.3d 511 (2005) (evidentiary error "not

3

Evidence is sufficient to support a guilty finding if "'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (emphasis omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). An evidence sufficiency challenge "admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Direct and circumstantial evidence are equally reliable in determining sufficiency of the evidence. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

First, Mr. Jackson contends the State failed to prove he knowingly failed to notify the sheriff's department he had moved to a new address. He argues his signature on the sex offender registration form was not properly authenticated and thus not admissible; without this, the State could not prove the knowledge element. A person convicted of a sex offense must register his residence in a county with that county's sheriff. RCW 9A.44.130(1). When an offender moves, RCW 9A.44.130 sets forth various time limits for reregistration.

RCW 9A.44.132 penalizes an offender who *knowingly* fails to register with the county sheriff under RCW 9A.44.130. An offender acts "knowingly" if "(i) he . . . is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or he . . . has information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by a statute defining an

prejudicial unless, within reasonable probabilities, the outcome of the trial would have

4

offense." RCW 9A.08.010(1)(b)(ii). Because proof of knowledge is required, the State must prove beyond a reasonable doubt the offender had actual notice of the duty to register. *State v. Clark*, 75 Wn. App. 827, 832, 880 P.2d 562 (1994).

While the signed registration form shows Mr. Jackson was informed of his registration duty, even without that form the evidence supports his the jury finding. Mr. Jackson knew he was a convicted sex offender and stipulated he had a duty to register. He stipulated he has been convicted on two prior occasions for felony failure to register as a sex offender. Chief Graham testified the room listed on Mr. Jackson's registration form was unoccupied. The Red Apple Motel manager testified Mr. Jackson checked out of his room on October 15, 2012. And Ms. Gabbard testified the sheriff's department did not receive a change of address notice.

Second, Mr. Jackson contends his bail jumping conviction should be overturned for insufficient evidence. He argues that by relying solely on documentary evidence, the State failed to prove he was the person who failed to appear; thus, the State cannot prove he had the requisite knowledge he was required to be in court on May 16, 2013.

A person is guilty of bail jumping if he fails to appear as required, after having been released by court order or admitted to bail, with knowledge of the requirement of a subsequent personal appearance before a court. RCW 9A.76.170(1). The State must prove the person on trial is the same person who earlier failed to appear. *State v. Huber*, 129 Wn. App. 499, 502, 119 P.3d 388 (2005). If criminal liability depends on the accused being the person to whom a certain document pertains, such as with bail

---

been materially affected had the error not occurred").

5

jumping, the State must do more than authenticate and admit documentary evidence; rather, the State must prove the person named in the documents is the same person who failed to appear and is on trial. *Id.* The State can meet this burden in multiple ways, including introducing booking photographs, booking fingerprints, eyewitness identification, or distinctive personal information. *Id.* at 503.

Mr. Jackson argues *Huber* controls. In *Huber*, the State charged the defendant with violating a protection order and witness tampering. *Id.* at 500. The defendant was ordered to appear at a hearing but failed to do so. *Id.* A bench warrant was issued, and the defendant was charged with bail jumping, which was tried separately from the other charges. *Id.* The State introduced certified copies of four documents: an information charging the defendant with violating a protection order and witness tampering, a court order requiring the defendant to appear on a certain date, the clerk's minutes showing the defendant failed to appear, and a bench warrant. *Id.* at 500-01. No other evidence of identity was presented. *Id.* at 501. On appeal, the court reversed the bail jumping conviction, noting the State could not prove identity by simply showing the names on the relevant documents matched the name of the defendant. *Id.* at 502-04. Instead, the State had to show, by evidence independent of the record, the person named in the documents is the defendant in the present action. *Id.* at 502.

Here, the State offered and the court admitted certified copies of three court orders with Mr. Jackson's signature, all providing notice of future hearing dates and informing him failure to appear could result in additional crimes. Additionally, Mr. Hintze identified each of those documents and the two bench warrants, discussed the contents

6

of the documents, testified the case name and cause number was the same on each one, and noted Mr. Jackson's purported signature on the documents. Mr. Hintze did not testify the signature was Mr. Jackson's.

Unlike in *Huber*, Mr. Jackson's failure to register as a sex offender charge was tried along with the bail jumping charge. The documents admitted show the same name, Laren Allen Jackson, and the same cause number as seen on the information charging the underlying failure to register as a sex offender offense. Mr. Jackson does not argue his identification with regard to the failure to register charge was in error. Thus, when the bail jumping charge was tried with the failure to register charge under the same cause number, any reasonable trier of fact could have logically concluded the identity of the individual alleged to have committed bail jumping was identical to the identity of the individual facing the failure to register charge.

Because Mr. Jackson has not alleged his identity regarding registration offense was in error, it is a verity now and no longer an issue.[3] *See State v. Halstien*, 122 Wn.2d 109, 128, 857 P.2d 270 (1993). Since Mr. Jackson is adequately tied to the failure to register charge, independent identification shows Mr. Jackson is the individual who was properly before the court regarding the alleged bail jumping. *See State v. Brezillac*, 19 Wn. App. 11, 14, 573 P.2d 1343 (1978) (a solid connection to some counts

---

[3] The State argues any error in arguing identity on appeal is invited error given defense counsel's statement he was not going to argue Mr. Jackson was not the person who has the underlying offense. Mr. Jackson does not argue on appeal he was not the person in the failure to register charge, which is what defense counsel's argument at trial concerned.

No. 32477-0-III
*State v. Jackson*

tied to other counts can constitute independent evidence that all counts relate to the same person).

In sum, the failure to register as a sex offender charge was adequately tied to Mr. Jackson and the evidence arising from that charge–the same cause number, the consolidated trial–works as evidence independent of mere name identity. This distinguishes Mr. Jackson's case from *Huber*. Even if the unauthenticated signatures were not admitted, the remaining admissible evidence is sufficient to prove identity. And by establishing sufficient evidence of identity, the State has established sufficient evidence of knowledge.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, A.C.J.

WE CONCUR:

Korsmo, J.

Fearing, J.

8