# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

        Respondent,

        v.

SHERRYL R. BRONGIL,

        Defendant,

CHRISTINA MARIE ALEXANDRESS,
AND EACH OF THEM,

        Appellant.

No. 73122-0-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: May 2, 2016

TRICKEY, A.C.J. — Christina Alexandress appeals her judgment and sentence for her conviction of trafficking in stolen property in the first degree. She contends that the State presented insufficient evidence to establish that she was the individual who pawned the stolen property. We disagree and affirm.

## FACTS

On September 21, 2011, Stephanie Romack's home was burglarized and two jewelry boxes were stolen. A neighbor's security camera captured footage from the day of the incident. The surveillance video showed two women driving up to Romack's house in a 1993 green Subaru station wagon. The two women got out of the car. One woman walked toward Romack's house, and the other woman opened the back door of the Subaru. A short time later, the woman who had walked toward Romack's house returned with an object in her hands. The women got into the Subaru and drove away.

A week later, a police officer from the City of Lake Stevens Police Department saw a Subaru with the same distinguishing features as the Subaru in the security footage. He pulled over the car and notified the sergeant investigating the burglary. The officer and the sergeant noted that the two occupants of the Subaru physically resembled the two women seen in the surveillance video. They identified the two occupants as Christina Alexandress, also known as "Christina Dress," and Sherryl Brongil.[1]

Following this traffic stop, police searched an online database for pawn shop transactions associated with the name "Christina Dress."[2] They located pawn transactions at the Lake City Way Cash America pawn shop on October 27, 2011. The pawn tickets showed purchases for three items of jewelry. Police photographed these three items, and Romack confirmed that all three had been stolen from her house.

Thereafter, the State charged Alexandress with one count of trafficking in stolen property in the first degree. A jury convicted Alexandress as charged.

Alexandress appeals.

ANALYSIS

Sufficiency of the Evidence

Alexandress argues that the State failed to prove beyond a reasonable doubt that she committed the crime charged. Specifically, she contends that the State presented insufficient evidence to establish identity. We disagree.

"Due process requires the State to prove beyond a reasonable doubt all

---

[1] Report of Proceedings (RP) (Sept. 29, 2014) at 135-36; RP (Sept. 30, 2014) at 42-44.
[2] RP (Sept. 29, 2014) at 140.

2

the necessary facts of the crime charged." State v. Colquitt, 133 Wn. App. 789, 796, 137 P.3d 892 (2006). The State has the burden of proving identity through relevant evidence. State v. Huber, 129 Wn. App. 499, 501, 119 P.3d 388 (2005).

"The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." Salinas, 119 Wn.2d at 201. "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." Salinas, 119 Wn.2d at 201.

Circumstantial evidence and direct evidence can be equally reliable. State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). We must defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of evidence. State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

Here, to convict Alexandress of first degree trafficking stolen property, the State was required to prove beyond a reasonable doubt:

(1) That on or about October 27, 2011, Christina Alexandress sold, transferred, distributed, dispensed or disposed of property to another person, and
(2) Did so knowing that the property was stolen, and
(3) That these acts occurred in the [sic] King County, Washington.[3]

Alexandress does not challenge the sufficiency of the State's evidence that the crime of first degree trafficking stolen property was committed. Rather, she

---

[3] Clerk's Papers at 52.

challenges the sufficiency of the State's proof that she was the person who pawned the jewelry.

We conclude that the State presented sufficient evidence to establish that Alexandress was the person who sold Romack's jewelry on October 27, 2011. Two police officers testified that Alexandress and Brongil resembled the two women who burglarized Romack's home. Alexandress's participation in the burglary made it more likely that she was the person who pawned Romack's jewelry a month later.

The testimony of Chelsea Matthai also supported the jury's verdict. Matthai, a former pawn shop employee, testified about the transaction that occurred on October 27, 2011. Because the person selling the jewelry was a first time customer, Matthai was "more cautious" during the transaction.[4] Matthai requested identification and obtained a Washington State driver's license bearing the name "Christina Dress."[5] Alexandress does not dispute that this is her identification.

Matthai entered biographical information from the driver's license into the pawn shop's computer system. She estimated that this took approximately three minutes. During this time, she compared the photograph on the driver's license to the person in front of her. Matthai testified that it was her policy to personally verify that the customer looked like the photograph on the identification. If a customer did not look like the photograph, she would turn the customer away. Matthai did not turn this customer away.

---

[4] RP (Sept. 30, 2014) at 15.
[5] RP (Sept. 30, 2014) at 15, 9; Exhibit 13.

4

Viewing this evidence in the light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt that Alexandress was the individual who participated in the pawn transaction on October 27, 2011.

Alexandress contends that the evidence established only that someone who looked like her, and used her identification, conducted the pawn transaction. But all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant. It is a reasonable inference based on the evidence presented in this case that Alexandress was the person who used her own driver's license and pawned the jewelry. Her arguments to the contrary are unconvincing.

## Statement of Additional Grounds

Alexandress makes several arguments in her statement of additional grounds. None warrants relief.

Alexandress argues that it was error for both the prosecutor and the defense attorney to use the term "Occam's razor" during closing arguments. She contends that the argument was obscure, abstract, and confusing to the jury. We reject this claim. Nothing about this argument was improper.

Alexandress next argues that the prosecutor committed misconduct by taking a witness off the witness list and by not disclosing that Alexandress's identification was in someone else's possession. Because these allegations rest on matters outside the record, we do not address them.

Finally, Alexandress claims that she was not involved in the residential burglary or the pawn shop transactions. But it is the jury's role, not this court's, to

assess the credibility of witnesses and resolve differing accounts or interpretations of the evidence. As we discussed earlier in this opinion, the State presented sufficient evidence to support the conviction of trafficking in stolen property in the first degree, which was the only charge at issue.

We affirm the judgment and sentence.

_Trickey, ACJ_

WE CONCUR:

_Schindler, J_          _Becker, J._