IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32920-8-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 33320-5-III) |
| | ) | |
| v. | ) | |
| | ) | |
| CALIXTO RIVERA JR. | ) | |
| aka CALIXITO RIVERA | ) | |
| aka ABEL RIVERA, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |
| | ) | |
| In the Matter of the Personal Restraint of | ) | |
| | ) | |
| CALIXTO RIVERA JR., | ) | |
| | ) | |
| Petitioner. | ) | |

PENNELL, J. — Calixto Rivera, Jr. appeals his conviction for two counts of bail

jumping. He also challenges the imposition of legal financial obligations (LFOs). In a

consolidated personal restraint petition (PRP), Mr. Rivera requests this court remand for

resentencing so he may be given a Drug Offender Sentencing Alternative (DOSA). We

affirm Mr. Rivera's convictions but remand for the trial court to reconsider the imposition

of discretionary LFOs. Additionally, we dismiss Mr. Rivera's PRP and grant his motion

not to award appellate costs.

FACTS

Mr. Rivera was found in possession of a stolen trailer during a traffic stop conducted by Yakima County Sheriff's Office Deputy Jesus Rojas. He was later charged with second degree possession of stolen property. Mr. Rivera failed to appear for two of his pretrial hearings. His charges were then amended to include two counts of bail jumping. All three charges eventually proceeded to trial together.

The evidence at trial included several court documents. These included a scheduling order and agreed order of continuance, each notifying Mr. Rivera of future court dates and warning him that failure to appear could result in criminal charges. The orders bore Mr. Rivera's name, birth date, and the signature of "Calixto Rivera." The admitted court documents also included two warrants. Each warrant stated Mr. Rivera had failed to appear for a court hearing. Both bore Mr. Rivera's name and birth date.

In addition to court records, trial exhibits included a Department of Licensing (DOL) report for Calixto Rivera. The DOL report contained a color photograph of Mr. Rivera, along with his name, address, date of birth, and signature.[1]

---

[1] A copy of the DOL report has not been included in the appeal record. We rely on the State's brief for this description of the exhibit. Because defense counsel has not filed a reply to the State's brief, we conclude the State's description must be accurate.

2

The defense at trial focused on the stolen property charge. No challenge was made to the bail jumping charges. Mr. Rivera did not contest his identity. To the contrary, Mr. Rivera called his cousin to testify as a defense witness. His cousin did not dispute the accuracy of Mr. Rivera's identity.

During trial, Deputy Rojas identified Mr. Rivera as the individual he encountered during the original traffic stop. The deputy explained that, at the time of the stop, he identified Mr. Rivera by his DOL information, as reflected in the DOL report. Deputy Rojas also testified that the cause numbers on the various court documents matched the cause number for the case on trial.

The jury found Mr. Rivera guilty on all charges. At sentencing, the court imposed $1,960 in LFOs, including a $500 criminal penalty assessment, a $200 criminal filing fee, $600 in attorney fees, a $100 DNA[2] fee, a $300 warrant fee, a $10 sheriff service fee, a $250 jury fee, and a maximum of $250 for costs of incarceration. Mr. Rivera appeals.

## ANALYSIS

*Sufficiency of Evidence*

Mr. Rivera contends his bail jumping convictions must be overturned due to insufficient evidence. He argues that by relying solely on documentary evidence, the

---

[2] Deoxyribonucleic acid.

3

State failed to prove he was the person who failed to appear.

Evidence is sufficient to support a guilty finding if "'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (emphasis omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). An evidence sufficiency challenge "admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Direct and circumstantial evidence are equally reliable in determining the sufficiency of the evidence. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

A person is guilty of bail jumping if they fail to appear as required, after having been released by court order or admitted to bail, with knowledge of the requirement of a subsequent personal appearance before a court. RCW 9A.76.170(1). The State must prove the person on trial is the same person who earlier failed to appear. *State v. Huber*, 129 Wn. App. 499, 502, 119 P.3d 388 (2005). If criminal liability depends on the accused being the person to whom a certain document pertains, such as with bail jumping, the State must do more than authenticate and admit documentary evidence; rather, the State must prove the person named in the document is the same person who failed to

4

appear and is on trial. *Id.* The State can meet this burden in multiple ways, including introducing booking photographs, booking fingerprints, eyewitness identification, or distinctive personal information. *Id.* at 503.

The evidence in this case went beyond court documents and was sufficient to establish that the individual on trial was the same person who had failed to appear for the pretrial hearings. Unlike *Huber*, Mr. Rivera's bail jumping charges were tried at the same time as his underlying case. Thus, Deputy Rojas was able to identify Mr. Rivera as the individual he initially investigated for possession of stolen property. Deputy Rojas was also able to identify the DOL information used to identify Mr. Rivera at the time of the initial traffic stop. The biographical information on the DOL record matched the biographical information recited in Mr. Rivera's court documents. In addition, the jury was able to compare the signature on Mr. Rivera's DOL record with the signature on the court documents. The totality of this evidence provided the jury a sufficient basis to determine that the individual on trial was the same individual named in the court documents who twice failed to appear as required by the court's orders. *See State v. Brezillac*, 19 Wn. App. 11, 14-15, 573 P.2d 1343 (1978) (identity may be established when records reflect biographical similarities beyond merely the defendant's name).

*Legal Financial Obligations*

Mr. Rivera challenges the trial court's imposition of LFOs. No objection was made in the trial court. Nevertheless, Mr. Rivera asks this court to review this issue pursuant to *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015). The LFOs imposed span two categories: discretionary and mandatory. Discretionary LFOs include $600 in attorney fees, a $300 warrant fee, a $10 sheriff fee, $250 for costs of incarceration, and a $250 jury fee.[3] The mandatory LFOs consist of a $500 crime penalty assessment, a $200 criminal filing fee, and a $100 DNA collection fee.

Mandatory LFOs are required, regardless of inability to pay. *State v. Mathers*, 193 Wn. App. 913, ___ P.3d ___ (2016) (rejecting constitutional challenges to mandatory LFOs). Consequently, to the extent Mr. Rivera challenges imposition of LFOs based on his inability to pay, his claim must be constrained to discretionary obligations. Despite finding Mr. Rivera unable to currently pay, and despite the court's knowledge of Mr. Rivera's financial resources, the trial court imposed over $1,000 in discretionary LFOs.

---

[3] Without argument, the State simply asserts the $250 jury fee is a mandatory fee, citing RCW 35.20.090. Chapter 35.20 RCW deals with municipal courts, not superior courts. RCW 10.01.160(2) states that jury fees under RCW 10.46.190 may be included as costs. A court cannot order a defendant to pay costs unless the defendant is or will be able to pay them. RCW 10.01.160(3). However, because of the imposition of other discretionary LFOs, correctly categorizing the jury fee is not critical to deciding Mr. Rivera's appeal.

Thus, with respect to discretionary LFOs, this court remands for reconsideration under *Blazina*.

The trial court also ordered Mr. Rivera to repay his LFOs within six or nine months after his release from prison. As this case is already being remanded for reconsideration of the discretionary LFOs, the trial court is further directed to reconsider the time frame in which Mr. Rivera has to repay his LFOs.

In addition to his general objection to the imposition of LFOs, Mr. Rivera challenges the propriety of his DNA collection fee in light of his prior felony convictions that presumably imposed similar requirements. Identical arguments have been rejected by this court previously. *Mathers*, 192 Wn. App. at 924-29 (rejecting equal protection and substantive due process challenges); *State v. Thornton*, 188 Wn. App. 371, 373-74, 353 P.3d 642 (2015) (rejecting challenge to repeat orders). We reject them here as well.

## PERSONAL RESTRAINT PETITION

In a consolidated PRP, Mr. Rivera requests resentencing so that he may be given a DOSA sentence. No request has been made previously. We commend the positive steps Mr. Rivera has taken to improve his life while in custody. However, we lack authority to modify Mr. Rivera's sentence in order to allow for a DOSA. *State v. Harkness*, 145 Wn. App. 678, 685-86, 186 P.3d 1182 (2008). The PRP must be dismissed.

7

No. 32920-8-III (consol. w/ No. 33320-5-III)
*State v. Rivera*

## APPELLATE COSTS

We have considered Mr. Rivera's August 4, 2016, motion to not award appeal costs and the State's response thereto. We grant the motion, exercising our discretion under RCW 10.73.160(1) and RAP 14.2 to not award costs to the State.

## CONCLUSION

We affirm Mr. Rivera's convictions but remand for resentencing, limited to reconsideration of discretionary LFOs and the time frame that Mr. Rivera has to repay them. In addition, we dismiss Mr. Rivera's PRP.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.

8