IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78914-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JACKSON, JAMES MICHAEL, | ) | |
| DOB: 09/03/1981, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 16, 2019 |

PER CURIAM — James Michael Jackson appeals his conviction for bail jumping, arguing that the State presented insufficient evidence to support the conviction. We affirm.

On October 6, 2017, the State charged Jackson with attempting to elude a pursuing police vehicle.

On December 4, 2017, the court entered an order scheduling an omnibus hearing for December 29, 2017 and trial-call on January 26, 2018. Jackson signed the December 4 order, which included the following language in all caps at the end of the order:

> THE DEFENDANT **MUST APPEAR** FOR TRIAL AND FOR ALL
> SCHEDULED HEARINGS. FAILURE TO APPEAR MAY RESULT IN
> ISSUANCE OF AN ARREST WARRANT, FORFEITURE OF BAIL, AND
> CRIMINAL PROSECUTION FOR BAIL JUMPING.

(Emphasis added). The December 4th order bears a signature on the defendant's signature line. The signature appears to match the signature on Jackson's certified state identification card, which was admitted as an exhibit at trial. The clerk's minute entry from the December 4th hearing notes that Jackson appeared at the hearing and answered to his "TRUE NAME AS CHARGED."

On December 29, 2017, the court entered an "Agreed Omnibus Order" that stated in part: "DEFENDANT MUST BE PRESENT [on the trial call date and] MUST APPEAR FOR TRIAL AND ALL SCHEDULED HEARINGS." The defendant's signature line on the order bears a signature appearing to match the signature on Jackson's identification card.

When Jackson did not appear for the January 26th trial call, the State filed an amended information adding one count of bail jumping.

At trial, defense counsel and the arresting officer identified Jackson. The jury subsequently found him guilty of bail jumping and not guilty of attempting to elude a pursuing police vehicle.

## DECISION

Jackson contends his bail jumping conviction is not supported by sufficient evidence. We disagree.

Under the federal and state constitutions, due process requires that the State prove every element of a crime beyond a reasonable doubt. U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3; In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); see also RCW 9A.04.100 (1). In determining whether sufficient evidence supports a conviction, the question is whether, after viewing the evidence in the light

most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Cardenas-Flores, 189 Wn.2d 243, 265, 401 P.3d 19 (2017); State v. Joy, 121 Wn.2d 333, 338, 851 P.2d 654 (1993). A sufficiency challenge admits the truth of the State's evidence and requires this court to draw all reasonable inferences in favor of the State. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "Circumstantial and direct evidence are . . . considered equally reliable." Cardenas-Flores, 189 Wn.2d at 266. "'Credibility determinations are for the trier of fact' and are not subject to review." Cardenas-Flores, 189 Wn.2d at 266 (quoting State v. Camarillo, 115 Wn.2d 60, 71, 794 P.2d 850 (1990)).

Under RCW 9A.76.170(1), a person is guilty of bail jumping if they fail to appear for a court appearance after being "released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state." The State must prove the defendant "(1) was held for, charged with, or convicted of a particular crime; (2) was released by court order or admitted to bail with the requirement of a subsequent personal appearance; and, (3) **knowingly failed to appear as required**." (Emphasis added) State v. Boyd, 1 Wn. App. 2d 501, 516, 408 P.3d 362 (2017) (internal quotation marks omitted) (quoting State v. Williams, 162 Wn.2d 177, 183-84, 170 P.3d 30 (2007)).

Here, the sole dispute is whether the State proved that Jackson *knowingly* failed to appear as required. "In order to meet the knowledge requirement of the [bail jumping] statute, the State is required to prove that a defendant has been given notice of the required court dates." State v. Cardwell, 155 Wn. App. 41, 47, 226 P.3d 243 (2010). The State's burden includes demonstrating that the person on trial is the same

3

person who failed to appear at the hearing. See State v. Huber, 129 Wn. App. 499, 501-02, 119 P.3d 388 (2005). The "'[i]dentity of names alone'" is insufficient to establish that the person named in the document is the same person on trial" because multiple people share the same names. State v. Goggin, 185 Wn. App. 59, 71, 339 P.3d 983 (2014) (quoting Huber, 129 Wn. App. at 502). The State can meet its burden by presenting corroborating evidence, such as "booking photographs, booking fingerprints, eyewitness identification, or . . . distinctive personal information." Huber, 129 Wn. App. at 503 (footnotes omitted).

Jackson contends the State did not prove he knowingly failed to appear because the evidence did not prove that the signatures on the relevant documents belonged to him. He argues that the State should have produced a handwriting expert or a person familiar with his signature to establish that the signatures were his. The State disagrees, arguing that substantial evidence supports an inference that Jackson signed the orders.

Viewing the evidence in a light most favorable to the State, and drawing all reasonable inferences in the State's favor, we conclude the evidence supports an inference that the signature on the December 4, 2019 order requiring Jackson's appearance at the trial call was in fact Jackson's. The minute entry for the December 4th hearing states that Jackson "APPEARED" in court and answered "YES" to his "TRUE NAME AS CHARGED." The signature on the December 4th order and the other relevant orders and documents appear to match the signature on Jackson's identification card. State v. Smith, 185 Wn.App. 945, 957-58, 344 P.3d 1244 (2015) (noting that trial court compared signature on contested document "with other

4

documents signed by Smith and found that the signatures matched, noting distinctive features in the manner that Smith signed the letter "S". . . . As the trier of fact, it was proper for the trial court to make this comparison to find that the letter was signed by Smith."); United States v. Derosa, 544 F. App'x 830, 836 (11th Cir. 2013) ("Where there is a comparison signature, a formal or lay expert is not needed, because the jury itself can compare signatures and draw its own conclusions."). This evidence supported a rational inference that the signature on orders or documents informing Jackson of his duty to appear was Jackson's, and that he knowingly failed to appear as required.

Affirmed.

_____ Chun, J.

_____ Andrus, J.          _____ Mann, ACJ